[No. 17760.   Department One.   July 19, 1923.]

## E. J. McCALL, *as Mayor and Chief of Police of Bremerton, Appellant,* v. JAS. W. CARR, *as Police Judge of Bremerton, Respondent.*[1]

COURTS (46)—MUNICIPAL COURTS—POLICE JUDGES—JURISDICTION—POWER TO ISSUE SEARCH WARRANT. In the absence of any statutory authority therefor, a city of the second class cannot, by ordinance, authorize the police judge to issue search warrants, especially in view of Rem. Comp. Stat., § 7316, providing that search warrants shall be issued by any judge of the superior court or justice of the peace.

Appeal from a judgment of the superior court for Kitsap county, French, J., entered November 13, 1922, upon sustaining a demurrer to the petition, dismissing an action for a writ of mandamus to compel a police judge to issue a search warrant. Affirmed.

*Marion Garland,* for appellant.

*H. E. Gorman,* for respondent.

MACKINTOSH, J.—The city of Bremerton is a city operating under a commission form of government, and by statute is regulated by the laws relating to cities of the second class. The city passed an ordinance providing for the issuance of search warrants by its police judge, the respondent in this case. An application was made to him requesting him to issue a search warrant, which he refused to do, and this action in mandamus was brought to compel its issuance. Demurrer was sustained to the application for a writ and this appeal has followed. The question is, can a police judge of a city of the second class issue a search warrant under an ordinance authorizing him so to do.

[1]Reported in 216 Pac. 871.

Section 1, art. 4, of the state constitution, provides that the judicial power of the state shall be vested in the supreme, superior and justice of the peace courts, and such other inferior courts as the legislature may provide. Section 12, art. 4, provides that: "The legislature shall prescribe by law the jurisdiction and powers of any of the inferior courts that may be established in pursuance of this constitution." Rem. Comp. Stat., §§ 9076, 9077 [P. C. §§ 773, 774], relates to police courts in cities of the second class, and it is not there provided that such courts shall have jurisdiction to issue search warrants. Section 9034, Rem. Comp. Stat. [P. C. §742], contains the legislative grant of power and authority to councils of cities of the second class, and nowhere in that section is any power or authority given to pass ordinances conferring on the police court the right to issue search warrants. Moreover, we find that the legislature, in Rem. Comp. Stat., § 7374 [P. C. § 7225-1], dealing with the issuance of search warrants for premises maintained for the illegal handling of liquor, does not provide for their issuance by police judges. The last enactment, being Rem. Comp. Stat., § 7316 [P. C. § 3173] (§ 11, ch. 2, Laws of 1915, p. 7) dealing with the issuance of search warrants for intoxicating liquor, provides expressly that they shall be issued "by any judge of the superior court or justice of the peace," plainly indicating that no such authority was intended to be given to police judges as such.

From these provisions of the constitution and the statutes, it clearly appears to us that no authority, so far as relates to cities of the second class, has been given to such cities to pass ordinances empowering police judges to issue search warrants, nor has the direct authority been given to such police judges for

that purpose. Police courts, being courts of limited jurisdiction, their right to the exercise of jurisdiction must clearly appear.

The trial court was therefore correct in sustaining the demurrer to the application for the writ of mandate. Judgment affirmed.

MAIN, C. J., BRIDGES, HOLCOMB, and MITCHELL, JJ., concur.