Wallace Bryce NICHOLAS, Defendant-Appellant,

v.

UNITED STATES of America, Plaintiff-Appellee.

No. 75–2411.

United States Court of Appeals, Ninth Circuit.

Jan. 9, 1976.

 

John K. Van De Kamp, Los Angeles, Cal., for defendant-appellant.

William D. Keller, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

## OPINION

Before BARNES, HUFSTEDLER and WRIGHT, Circuit Judges.

HUFSTEDLER, Circuit Judge:

The district court held that it had no jurisdiction to grant probation to Nicholas because (1) the five-year probationary period prescribed by 18 U.S.C. § 3651 was not tolled during Nicholas' voluntary absence from the jurisdiction and, accordingly, the term had expired before his probation revocation hearing, and (2) under 18 U.S.C. § 3653, the court was powerless to release Nicholas on probation after it had earlier revoked his probation. Nicholas appeals. We hold that the district court had jurisdiction to grant probation, and we remand the cause to the district court.

Following a guilty plea, Nicholas was sentenced on April 17, 1969, to the custody of the Attorney General for five years and ordered confined to a jail-type institution for six months; the remainder of his sentence was suspended, and he was placed on probation for five years. He served his jail time and complied with the terms of his probation until the latter part of 1971, when he moved to Nevada. He did not advise the Probation Department of his move. The Department first learned that he had left the jurisdiction when it received a letter from him, postmarked October 11, 1971, from London, England. At the Department's request, the district court issued an arrest warrant on November 19, 1971, based on allegations that he had failed to file his monthly supervision reports after July 31, 1971, that he had left the district without permission, and that he had failed to keep the Department advised of his whereabouts.

Nicholas was found and arrested on the 1971 warrant on May 1, 1975. On May 12, 1975, the district court held a probation revocation hearing. Nicholas admitted the charged violations. Although the district court expressed the view that it would consider placing him on probation, with added conditions, if it had power to do so, it held that it had no jurisdiction to do other than to execute the suspended five-year sentence imposed on September 16, 1968. Accordingly, the court ordered the sentence executed; it also granted a stay of execution pending notice of appeal.

The district court had jurisdiction to execute the remainder of Nicholas' sentence, even if the five-year probationary period had expired, because a bench warrant had been issued for his arrest within the initial five-year period, and the hearing upon revocation was held within a reasonable time after execution of the warrant. (*United States v. Bartholdi* (9th Cir. 1972) 453 F.2d 1225.)

The court's conclusion that it lacked jurisdiction to place Nicholas on probation was based on its construction of the provision of 18 U.S.C. § 3651 stating: "The period of probation, together with any extension thereof, shall not exceed five years." The court read the provision as placing an outside five-year limit on a probationary term. The phrase "together with any extension thereof" includes extensions during the unexpired probationary period created by operation of law. Thus, the five-year limitation is tolled during and for the time that the probationer is imprisoned for another offense. (*Ashworth v. Unit-*

*ed States* (6th Cir. 1968) 391 F.2d 245; *United States v. Gelb* (2d Cir. 1959) 269 F.2d 675, adopting the opinion of the district court (S.D.N.Y.) 175 F.Supp. 267; *United States ex rel. Demarois v. Farrell* (8th Cir. 1937) 87 F.2d 957.)

We perceive no sound reason to toll limitations during a probationer's time of incarceration and not to toll limitations when a warrant has issued and a probationer has voluntarily left the jurisdiction, or has concealed himself within the jurisdiction to avoid service of process. Accordingly, we hold that the five-year probationary period prescribed by section 3651 was extended by operation of law by the amount of time within the five-year period during which a probationer, in violation of the terms of his probation, and for whom an arrest warrant has issued, has voluntarily absented himself from the jurisdiction. Nicholas' probationary term was thus unexpired at the time that his revocation hearing was held by the district court.

The district court's sentencing options were not reduced because it initially ordered revocation of Nicholas' probation. In revoking probation, the district court may require the probationer "to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, [the court] may impose any sentence which might originally have been imposed." (18 U.S.C. § 3653.) The court is thus authorized to impose any sentence that would have been proper if given at the time the defendant was originally sentenced. We agree with the Fifth Circuit that probation is a "sentence" within the meaning of section 3653. And like the Fifth Circuit, "[w]e find no merit to the argument that a federal court cannot reinstate probation as part of the punishment assigned, when probation is revoked and deferred sentencing takes place." (*Smith v. United States* (5th Cir. 1974) 505 F.2d 893, 895.)

The order executing the previously imposed sentence is vacated and the cause is remanded to the district court.