[No. 2533-3.   Division Three.   June 6, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. STEVEN NEAL FRAZIER, *Appellant.*

*Clinton J. Henderson,* for appellant (appointed counsel for appeal).

*Ronald R. Carpenter, Prosecuting Attorney,* and *Gerald R. Fuller, Deputy,* for respondent.

ROE, J.—Steven Neal Frazier appeals the revocation of his probation.

On September 24, 1971, Frazier was granted a deferred sentence and placed on probation for 5 years as the result of a guilty plea to a charge of second–degree burglary. Supervision of his probation was placed with the appropriate official for Latah County, Idaho. In January of 1973, the probation order was modified so that Frazier was not to leave the State of Washington for reasons other than employment or visitation of his mother residing in Lewiston, Nez Perce County, Idaho. Sometime prior to September 1974, Frazier absconded this jurisdiction. On September 5, 1974,[1] he was convicted in Texas of the crime of burglary and sentenced to prison for not less than 2 or more than 5 years.

After learning of Frazier's conviction, the Department of Social and Health Services, on November 6, 1975, placed him on inactive probationary status. In the latter part of May 1977, Frazier returned to Washington. On June 11, 1977, Frazier was arrested in Washington on a traffic warrant. At the time of his arrest, he had in his possession two capsules containing phentermine, a schedule IV controlled substance.[2] On July 1, 1977, a motion to revoke probation

---

[1]The trial court found that Frazier was convicted of the crime of burglary September 5, 1974; however, the supporting documents upon which this finding is based show that Frazier pleaded guilty February 13, 1975, to a burglary occurring September 5, 1974.

[2]In light of *State v. Dougall,* 89 Wn.2d 118, 570 P.2d 135 (1977), both parties agree that possession of phentermine may not serve as a basis for revocation; however, the defendant does not contend that either his flight from this jurisdiction nor his conviction in Texas are insufficient to permit revocation.

was filed. On July 14, the trial court revoked probation and sentenced Frazier to the Department of Social and Health Services, Division of Institutions. This was less than 10 months after the original terminal date of probation.

Two issues are presented: (1) Whether Frazier's probationary period expired September 24, 1976, so as to deprive the trial court of jurisdiction to revoke his probation; and (2) whether the State's failure to extradite Frazier so that he could possibly have received a sentence upon revocation to run concurrently with that imposed in Texas violated his constitutionally protected right to a timely revocation hearing.

■ With regard to the first issue, Frazier's unauthorized absence from this jurisdiction tolled the running of the probationary period. *Gillespie v. State,* 17 Wn. App. 363, 366–67, 563 P.2d 1272 (1977). He was gone at least 2 years 10 months, if it is assumed he did not leave this jurisdiction until the day he was "convicted" in Texas. Hence, the court was not without jurisdiction.[3]

■ The second issue, which is based on *Hystad v. Rhay,* 12 Wn. App. 872, 533 P.2d 409 (1975); and its reference to *Klopfer v. North Carolina,* 386 U.S. 213, 18 L. Ed. 2d 1, 87 S. Ct. 988 (1967); and *Smith v. Hooey,* 393 U.S. 374, 21 L. Ed. 2d 607, 89 S. Ct. 575 (1969), must be resolved adversely to Frazier. To begin with, *Hystad* is patently distinguishable from the instant case in that it did not involve the timeliness of a parole or probation revocation hearing but rather the detainer act, RCW 9.100, and the right to a speedy trial on an original criminal charge. In a case analogous to the present one, *Moody v. Daggett,* 429 U.S. 78, 50 L. Ed. 2d 236, 97 S. Ct. 274 (1976), the majority, notwithstanding a strenuous dissent relying on *Klopfer* and *Hooey,* held that a parolee was not deprived of his constitutionally protected right to a timely hearing on a parole violation until he was taken into custody by execution of a parole-violator warrant, even though the United States Board of

---

[3]In light of Frazier's absence from Washington, *State v. Mortrud,* 89 Wn.2d 720, 575 P.2d 227 (1978) is inapplicable.

Parole knew of the parolee's whereabouts and had placed a detainer with the institution within which he was incarcerated.

Since the standard for the timeliness of a parole violation hearing as set forth in *Morrissey v. Brewer,* 408 U.S. 471, 33 L. Ed. 2d 484, 92 S. Ct. 2593 (1972) was made applicable to a probation revocation under *Gagnon v. Scarpelli,* 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756 (1973), the logic of *Moody* applies to the instant case. Frazier was taken into custody June 11 for what appeared to be an ostensible criminal activity. His probation was revoked within 40 days thereafter. Such a time frame does not violate the due process standards enunciated in *Gagnon v. Scarpelli, supra.*

The revocation order is affirmed.

McINTURFF and FARRIS, JJ., concur.