[No. 2677–3.   Division Three.   March 6, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. DONALD E. HAUGEN II, *Appellant.*

*Sensney, Davis & McCormick* and *Joseph Schneider,* for appellant.

*Curtis Ludwig, Prosecuting Attorney,* for respondent.

GREEN, C.J.—Defendant appeals from an order revoking his probation. The sole issue is whether the trial court exceeded its authority when it revoked his probation after expiration of the period for which his sentence was deferred.

The following are the facts, in diary form:

April 20, 1972—The defendant is convicted of grand larceny by check under RCW 9.54.010. The court defers imposition of sentence for 3 years and grants defendant probation for that time period upon the condition that he serve 6 months in the county jail.

May 23, 1972—The defendant violates the condition of his probation by failing to return to jail when he is away on work release. He flees to California.

July 6, 1972—Benton County issues a bench warrant for the defendant.

1973 and 1975—The defendant is arrested and convicted on two separate charges in California. California authorities contact Benton County authorities, but they take no action on their warrant.

April 20, 1975—Defendant's original 3-year probation period expires.

June 1976—Defendant is paroled in California. His California probation officer permits him to return to Washington, after receiving a negative reply to his inquiry about whether any Washington warrants are outstanding against the defendant.

September 7, 1977—Defendant is convicted of first-degree forgery in Yakima County and is sentenced to a maximum term of 5 years.

October 19, 1977—Defendant's probation is revoked in Benton County on the original charge of grand larceny by check.

The defendant contends that the court had no jurisdiction to revoke probation after his probationary term expired, and cites *State v. Mortrud,* 89 Wn.2d 720, 575 P.2d 227 (1978), in support of this contention. In *Mortrud,* the defendant pleaded guilty to petit larceny, and the court sentenced him to 1 year in the county jail. However, the court deferred execution of the sentence and placed him on probation for 1 year. Mr. Mortrud violated a condition of that probation, but no bench warrant was issued for the violation until several months following expiration of his probationary term. The *Mortrud* court held that when the sentence has been imposed but its execution is deferred, the trial court's jurisdiction over the defendant ends with the expiration of the probationary period. Here, the question is whether *Mortrud* controls in a situation where the court defers *imposition* of the sentence.

■ There are two theories upon which the trial court may be affirmed. One is expressed in *In re Myers,* 20 Wn. App. 200, 579 P.2d 1006 (1978), and the other in *State v. Frazier,* 20 Wn. App. 332, 579 P.2d 1357 (1978). In *Myers,* the court distinguished *Mortrud* by pointing out the material difference between the two types of probation. In the case of the suspended sentence, the criminal prosecution has run its course, ending in the pronouncement of judgment or sentence, the execution of which is merely delayed. There, the court's interest in the defendant continues only so long as the grant of probation extends it. On the other hand, where the court elects to defer imposition of sentence, the criminal prosecution does not end until either the subsequent pronouncement of sentence or until the court grants an order of dismissal pursuant to RCW 9.95.240.[1]

■■ In *Frazier,* at page 334, the court held that an unauthorized absence from this jurisdiction tolled the running of the probationary period. In other words, a defendant who has left Washington state in violation of the

---

[1] RCW 9.95.240 provides:

conditions of his probation and has subsequently breached the law of another jurisdiction cannot complain of Washington's failure to pursue him. The State has no duty to incur the expense of returning a defendant to its jurisdiction in order to revoke that defendant's probation. Here, the defendant was absent from Washington from 1972 until 1976. During that time, his probationary term was tolled.

Defendant's argument that these theories do not discourage administrative inertia in dealing with probationers is without merit. Here, the defendant caused the delay by fleeing to California. Therefore, based on the rationale of either *Myers* or *Frazier*, the court's jurisdiction over the defendant continued after the original expiration date of his probation.

Affirmed.

McINTURFF and ROE, JJ., concur.

---

"Every defendant who has fulfilled the conditions of his probation for the entire period thereof, . . . may at any time prior to the expiration of the maximum period of punishment for the offense for which he has been convicted be permitted in the discretion of the court to withdraw his plea of guilty and enter a plea of not guilty, or if he has been convicted after a plea of not guilty, the court may in its discretion set aside the verdict of guilty; and in either case, the court may thereupon dismiss the information or indictment against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted."