14 P.3d 832 (2000)
103 Wash.App. 792
CITY OF SPOKANE, Respondent,
v.
Del MARQUETTE, Petitioner.
No. 18820-5-III.
Court of Appeals of Washington, Division 3, Panel Nine.
December 21, 2000.
As Amended January 9, 2001.
*833 Janice E. Holmes, Asst. Public Defender, Spokane, for Appellant.
Salvatore J. Faggiano, Michelle D. Szambelan, City Prosecuting Attorneys, Spokane, for Respondent.
SWEENEY, J.
The question presented is whether issuance of an arrest warrant for non-compliance with conditions of probation tolls the probationary period and thereby extends a municipal court's jurisdiction to execute on a suspended sentence beyond the two-year statutory limit. We conclude it does not. We therefore reverse the superior court's decision which affirmed the municipal court's imposition of the balance of a suspended sentence, after the two-year statutory limit had expired.

*834 FACTS
The City of Spokane charged Del Marquette with driving while under the influence of alcohol (DUI) under Spokane Municipal Code (SMC) § 16.61.502. On February 22, 1996, he pleaded guilty to reckless driving, SMC § 16.61.500. The court imposed a sentence which included 365 days in jail. It suspended 364 days of the jail time on the condition that Mr. Marquette submit to an alcohol evaluation, complete treatment, and attend a DUI victim panel. The court required Mr. Marquette to serve one day and then suspended the balance of the sentence for two years.
Mr. Marquette failed to serve the one-day sentence. The court issued a bench warrant on March 5, 1996. The municipal probation office also notified the court that Mr. Marquette had failed to attend alcohol treatment. A mandatory court appearance warrant was issued in June. Police arrested Mr. Marquette on both warrants on June 20, 1996. On June 25, he posted bond and was released.
The court held a revocation hearing on August 9, 1996. It did not revoke the suspension. Instead it gave Mr. Marquette credit for 5 days served in jail and reinstated the suspension of the remaining 359 days.
Meanwhile, municipal probation had informed the court that Mr. Marquette was still not complying with the treatment requirement. A show cause hearing was set for August 15, 1997. Mr. Marquette failed to appear. Another bench warrant was issued. On October 23, this warrant was served. Mr. Marquette again posted bond and was released. The show cause hearing was set for November 21, 1997.
After numerous continuances, the show cause hearing was held on April 15, 1998. Meanwhile, on February 22, 1998, the two-year anniversary of sentencing and the imposition of probation passed.
At the April 15 hearing, the court still did not revoke the suspension. It warned Mr. Marquette that compliance was expected, but then reinstated probation, and set a review hearing for July 8, 1998. Mr. Marquette did not appear for the review hearing; another warrant was issued. The warrant was served on July 22; again Mr. Marquette posted bond and was released.
On July 29, 1998, another revocation hearing was held. Mr. Marquette asked for a continuance to obtain counsel. The court denied the motion, noting that Mr. Marquette had been on notice of the hearing since April 15. The court then revoked the suspension and imposed the remaining 359 days. The court scheduled a review hearing for September 2, 1998.
Mr. Marquette filed a habeas corpus petition in superior court on August 17, 1998. He argued that he was not represented by counsel at the July 29 revocation hearing. The superior court vacated the reinstated sentence, appointed a public defender, and remanded to municipal court for yet another revocation hearing.
The hearing on remand was set for September 30, 1998. Mr. Marquette filed a motion to strike the hearing for lack of municipal court jurisdiction. The court set a hearing on the jurisdiction motion. Mr. Marquette petitioned the superior court for a writ of review of the jurisdiction question on October 5. The court denied the writ as premature and again remanded the matter for a hearing on the merits.
The municipal court asserted jurisdiction and held the revocation hearing on November 18, 1998. A probation officer testified to Mr. Marquette's persistent failure to comply with probation conditions. Mr. Marquette declined the court's invitation to either cross-examine or present evidence. The judge found Mr. Marquette in violation of the terms and conditions of probation, revoked the suspension, and reinstated the remaining 331 days of confinement.
Mr. Marquette filed a timely RALJ[1] appeal, contending that (1) the municipal court's authority to send him to jail terminated in February 1998 when the probationary period ended, and (2) the November 18, 1998 hearing violated due process. The superior court concluded that the municipal court had *835 jurisdiction and that the revocation hearing amply protected Mr. Marquette's due process rights. The superior court entered a judgment affirming the municipal court and remanding for imposition of sentence on August 16, 1999.
Mr. Marquette filed a motion for reconsideration. The superior court denied this motion. We granted his petition for discretionary review.

DISCUSSION

PETITION FOR DISCRETIONARY REVIEW
The City first contends that discretionary review should not have been granted because Mr. Marquette failed to petition within 30 days of the court's ruling.
Mr. Marquette moved for reconsideration after the superior court denied his appeal in August 1999. The City objected because the RALJ does not include CR 59 (motion for reconsideration). The court denied the motion on September 20. Mr. Marquette then petitioned for discretionary review on October 19. A Court of Appeals commissioner granted the petition; the City did not move to modify.
Consideration of a petition for discretionary review is governed by the regular motion procedure, RAP 6.2(c),[2] which requires an aggrieved party to object to a ruling only by motion to modify. RAP 17.7. The City did not move to modify the commissioner's ruling.
The petition also raises a meritorious issue on the merits. We then properly accepted review.

TOLLING OF PROBATIONARY PERIOD BY ARREST WARRANT
Mr. Marquette argues that the issuance of a warrant does not toll the probationary period. The probationary period continues to run so long as the probationer is physically within the jurisdiction and otherwise subject to the court's orders. Mr. Marquette's two-year probation period ended on February 22, 1998. He argues that, after that date, the municipal court had no authority to revoke his sentence unless a tolling event occurred during the probationary period. State v. Mortrud, 89 Wash.2d 720, 575 P.2d 227 (1978); State v. Jorgenson, 48 Wash.App. 205, 737 P.2d 1277 (1987). Here, no tolling event occurred.
The City responds that suspension of Mr. Marquette's sentence was only conditional. And since he failed to comply with the conditions, the court's jurisdiction to revoke remained intact. It also argues that a probationer is unavailable during the period after a warrant is issued and before it is served, and the suspension is therefore tolled. The City cites for this proposition Gillespie v. State, 17 Wash.App. 363, 563 P.2d 1272 (1977) and Nicholas v. United States, 527 F.2d 1160 (9th Cir.1976).
Jurisdiction is a question of law subject to de novo review. Crosby v. Spokane County, 137 Wash.2d 296, 301, 971 P.2d 32 (1999).
Courts do not have inherent authority to suspend a sentence. This power derives entirely from the Legislature. State v. DeBello, 92 Wash.App. 723, 964 P.2d 1192 (1998).
Mr. Marquette was sentenced for reckless driving in violation of SMC § 16.61.500. The municipal court's power to suspend his sentence therefore comes from RCW 35.20.255. Avlonitis v. Seattle Dist. Court, 97 Wash.2d 131, 136-37, 641 P.2d 169, 646 P.2d 128 (1982).
Former RCW 35.20.255 (1983) authorizes the municipal court judges to suspend all or part of any sentence, fix the terms of the suspension, and provide for "such probation and parole as in their opinion is reasonable and necessary under the circumstances of the case, but in no case shall it extend for more than two years from the date of conviction." (Emphasis added.)
This statute provides the only source of municipal court jurisdiction in this case. RCW 3.66.068 gives municipal courts concurrent jurisdiction with justice courts, *836 but only when they are sentencing under a state statute. They act within their exclusive original jurisdiction when they enforce municipal ordinances; and so RCW 3.66.068 does not apply. Avlonitis, 97 Wash.2d at 136-37, 641 P.2d 169.
Most of the cases interpret RCW 9.95.210[3] and 9.95.230,[4] which grant the superior court jurisdiction over probationers until an order terminating probation is entered. There is no comparable provision in chapter 35.20 RCW. We look then at decisions dealing with tolling of probation generally for authority which might extend municipal court jurisdiction beyond two years.
Flight from the jurisdiction tolls the probationary period. State v. Frazier, 20 Wash.App. 332, 579 P.2d 1357 (1978); State v. Haugen, 22 Wash.App. 785, 591 P.2d 1218 (1979); Gillespie, 17 Wash.App. at 367, 563 P.2d 1272. The superior court relied on these three cases to affirm the municipal court. The City also cites to Nicholas for the proposition that issuance of a warrant tolls probation. But, in Nicholas, the arrest warrant was issued only after the probationer had fled the state. 527 F.2d at 1161. No Washington case holds that probation is tolled while the defendant is within the jurisdiction and amenable to process.
"Amenable to process" in this context means "being liable or subject to law." State v. Stewart, 130 Wash.2d 351, 361, 922 P.2d 1356 (1996). Generally, a defendant is amenable to process when law enforcement knows where he or she is. State v. Carpenter, 94 Wash.2d 690, 694, 619 P.2d 697 (1980).
A defendant can nevertheless be beyond the court's jurisdiction even if his or her whereabouts are known. State v. Lee, 48 Wash.App. 322, 325, 738 P.2d 1081 (1987). For instance, probation is tolled while the probationer is incompetent and committed in a mental institution. In re Personal Restraint of Hews, 108 Wash.2d 579, 584, 741 P.2d 983 (1987). If the probationer appeals, the running of the statutory probationary period is tolled until the appellate court issues its mandate. State v. Cirkovich, 41 Wash.App. 275, 280, 703 P.2d 1075 (1985). None of these exceptions apply here.
Washington courts narrowly construe statutory jurisdiction to extend probation. In doing so, they have expressed concern to discourage "administrative inertia" in handling matters involving probationers. They have, therefore, required that revocation proceedings be "diligently pursued." State v. Hultman, 92 Wash.2d 736, 740-41, 600 P.2d 1291 (1979).
Here, Mr. Marquette did not flee the jurisdiction. He did not disappear within the jurisdiction. He simply failed to comply with the conditions of his probation. That he was amenable to process is evident from the fact that numerous warrants were served and he was arrested. He was brought before the court twice during the probationary period after having been arrested for non-compliance. The court passed up several opportunities to detain Mr. Marquette, revoke his suspension, and execute the jail sentence. Instead it repeatedly released him on bond and twice reinstated the suspended sentence following probation violations during the two-year period ending February 22, 1998.
The court again had Mr. Marquette before it in April 1998 to address violations that had occurred within the two years. Again, the court did not revoke.
Finally, the court revoked the suspension in November 1998 based on Mr. Marquette's failure to report for treatment after the court's warning on April 15, 1998 that failure to do so would result in revocation. Therefore, both the violation and the revocation took place after the two years had run.
The probationary period did not toll because Mr. Marquette was amenable to process. *837 The municipal court's jurisdiction to execute the sentence expired two years after the sentencing date of February 22, 1996.
The judgment of the superior court affirming imposition of the suspended sentence is reversed.
KURTZ, C.J., and KATO, J., concur.
NOTES
[1] Rules for Appeal of Decisions of Courts of Limited Jurisdiction.
[2] "Regular Motion Procedure Governs. A motion for discretionary review is governed by the motion procedure established by Title 17." RAP 6.2(c).
[3] "[T]he superior court may suspend the imposition or the execution of the sentence and may direct that the suspension may continue upon such conditions and for such time as it shall designate, not exceeding the maximum term of sentence or two years, whichever is longer." RCW 9.95.210(1).
[4] "The [superior] court shall have authority at any time prior to the entry of an order terminating probation to (1) revoke, modify, or change its order of suspension of imposition or execution of sentence[.]" RCW 9.95.230.