43 P.3d 502 (2002)
CITY OF SPOKANE, Petitioner,
v.
Del Donnie MARQUETTE, Respondent.
No. 70696-4.
Supreme Court of Washington, En Banc.
Argued October 18, 2001.
Decided April 11, 2002.
*503 Christine Anne Jackson, Public Defenders Office, Seattle, Peter B. Gonick, Seattle, Amicus Curiae on Behalf of Washington Association of Criminal Defense Attorneys.
Salvatore J. Faggiano, Michelle Dimond Szambelan, Asst. Spokane City Attorneys, Spokane, for Petitioner.
Public Defender's Office, Janice Holmes & Katherine Steele Knox, Spokane, for Respondent.
OWENS, J.
Del Donnie Marquette pleaded guilty to reckless driving in Spokane Municipal Court, in violation of Spokane Municipal Code (SMC) 16.61.500. The court suspended Marquette's jail sentence and placed him on probation. Courts of limited jurisdiction retain subject matter jurisdiction to defer or suspend a sentence for two years after a conviction. Marquette repeatedly violated the terms of probation, and eventually the court imposed the jail sentence, but not until more than two years had elapsed from the date of his conviction. Marquette therefore contends that the municipal court's jurisdiction had expired when it imposed his sentence. However, we agree with the city that for three periods during which Marquette was sought on bench warrants for failing to comply with court orders, the two-year jurisdictional time limit was tolled. We hold that the municipal court did have jurisdiction when it imposed the sentence.

FACTS
Marquette's guilty plea was part of a plea agreement to the charge of driving under the influence of alcohol (DUI). See SMC 16.61.502. The plea was entered on February 22, 1996. The municipal court fined him $685 and sentenced him to 365 days in jail, with 364 days suspended for 24 months of probation. Marquette's probation was conditioned on his completing alcohol treatment, attending a DUI victim panel, and committing no crimes. Marquette attended the victim panel on July 18, 1996, and eventually paid the fine on March 23, 1998. Otherwise his probation was less than successful.
Marquette did not arrange to serve the one day of his sentence that was not suspended. The court issued a bench warrant for his arrest on March 5, 1996. Marquette also did not arrange to undergo alcohol treatment. The court issued another bench warrant in June. Both warrants were served on June 20, 1996. The court held a show cause hearing at which Marquette's suspended sentence was reinstated, with credit for 5 days served and 359 days suspended.
A year later Marquette allegedly violated his probation again. The court set a show cause hearing for August 15, 1997. Marquette failed to appear, and the court issued a bench warrant on August 19, 1997. The warrant was served on October 23, 1997.
When Marquette was arrested in October, the court set a new show cause hearing for November 1997. However, due to several continuances, the hearing was not held until April 15, 1998. This was more than two years after the February 1996 conviction. By the April 15 hearing, Marquette had allegedly violated his probation three times, and he had failed to appear in court once. Spokane Municipal Court Judge Christine Cary recognized that the court's jurisdiction was nearly expired. At the hearing the prosecutor asserted that about five month's worth of probationary jurisdiction had been tolled. Significantly, defense counsel agreed. Clerk's Papers (CP) at 93-94. Still defense counsel argued that Marquette had been able to stay out of trouble for a while, and asked for the "court's indulgence just one last time." CP at 96. The court reinstated Marquette's suspended sentence and probation, and set a show cause hearing for July 8, 1998 so that the court could monitor his compliance. Marquette failed to appear on the 8th and a bench warrant was issued on July 14. This warrant was served on July 22, 1998.
The court held a show cause hearing on July 29, 1998. Marquette was not represented at this hearing. Judge Cary imposed the remainder of Marquette's sentence. In the hearing, Judge Cary thoroughly explained her reasoning to Marquette. Essentially she *504 informed him that he had run out of chances. In reference to the April 15 hearing she said:
Then, I very specifically had a show cause, put you back on probation, probably listened to all of the story that you have, told you to get in touch with Probation, and that I would review this. You had one chance, July 8th, and you didn't appear for court, and a warrant issued. It was set for today because the jurisdictional period runs on August first.

CP at 119 (emphasis added). Later Judge Cary explained that she believed the jurisdictional period terminated on August 1 because the period was tolled while the defendant was on warrant status.
The Spokane County Superior Court issued a writ of habeas corpus ordering immediate release, and remanded Marquette's case to the municipal court, because he had not been represented at the July 29, 1998 hearing. On remand the municipal court found that its jurisdiction had been tolled while Marquette was on warrant status and imposed the jail sentence again. The superior court affirmed, the Court of Appeals reversed, and we granted review.
The transcripts of the hearings held on April 15, 1998 and July 29, 1998 show that the city, defense counsel, and the municipal court were all aware that probationary jurisdiction was about to end, and that it was the municipal court's fear of just this that prompted it finally to revoke probation. The only issue we must address is whether the July 29 hearing was within the period of the court's probationary jurisdiction. Marquette basically contends that the one last chance he got on April 15 was one too many.
The parties agree that the municipal court had jurisdiction to punish Marquette for not complying with the terms of probation on April 15, 1998, since that hearing had been continued from a date within the two-year period. But Marquette asserts that the court did not have jurisdiction to impose further probation, since the two-year period had already run. Marquette argues that when the court did not punish him, but instead purported to reinstate probation, it lost its subject matter jurisdiction.
The city counters that the two-year period was tolled while Marquette was on warrant status. Three periods during which Marquette was sought on bench warrants are relevant:
(1) 107 days, from March 5, 1996 to June 20, 1996, for not reporting to jail;
(2) 65 days, from August 17, 1997 to October 23, 1997, for failing to appear at the August 15, 1997 show cause hearing; and
(3) 8 days, from July 14, 1998 to July 22, 1998, for failing to appear at the July 8, 1998 show cause hearing.
If Marquette's "two-year" probationary term and the municipal court's jurisdiction were tolled during these periods, they would not have ended until 180 days after February 22, 1998, on August 21, 1998.

ISSUE
Is a municipal court's two-year probationary jurisdiction tolled while a probationer is on warrant status?

ANALYSIS
Jurisdiction is a question of law we review de novo. Crosby v. Spokane County, 137 Wash.2d 296, 301, 971 P.2d 32 (1999). Washington's courts of limited jurisdiction are created and governed by the legislature. See CONST. art. IV, §§ 1, 12; Young v. Konz, 91 Wash.2d 532, 540-42, 588 P.2d 1360 (1979). Therefore, a municipal court's jurisdiction must be granted by statute. Neither superior courts nor inferior courts have inherent authority, however, to suspend or defer a sentence. State v. Bird, 95 Wash.2d 83, 85, 622 P.2d 1262 (1980). Our analysis turns on the Spokane Municipal Court's statutory power to suspend Marquette's sentence.
There are four grants of probation power to Washington trial courts. RCW 9.95.210 and RCW 9.95.230 apply to the superior courts, and give them the power to grant probation for the longer of two years or the statutory maximum sentence for the defendant's crime, as well as the power to modify or revoke probation. RCW 35.20.255 applies to the municipal courts of Washington cities with population over 400,000. Cities with *505 population under 400,000, and we take judicial notice that Spokane is one, may secure a municipal department of the district court under chapter 3.46 RCW, or elect to create a municipal court under chapter 3.50 RCW. Thus most municipal courts derive their probation powers from either RCW 3.66.067.069 (district courts) or RCW 3.50.320-.340 (municipal courtsalternate provision); the relevant statutory language is the same in either case.
The Court of Appeals decision in this case prompted the legislature to add the following language to the statutory provisions applicable to courts of limited jurisdiction:
A defendant who has been sentenced, or whose sentence has been deferred, and who then fails to appear for any hearing to address the defendant's compliance with the terms of probation when ordered to do so by the court, shall have the term of probation tolled until such time as the defendant makes his or her presence known to the court on the record.
Laws of 2001, Reg. Sess., ch. 94, §§ 1-5. This amendment would be relevant if it applied. But the city does not assert that this amendment should be applied retroactively, so it does not affect Marquette's case. We therefore turn to the statutory language applicable to Marquette.
Because the Spokane Municipal Court was created as a department of the district court, SMC 5.01.010, we turn to chapter 3.66 RCW for the source of its probationary jurisdiction:

For a period not to exceed two years after imposition of sentence, the court has continuing jurisdiction and authority to suspend the execution of all or any part of its sentence upon stated terms, ....
Former RCW 3.66.068 (1983) (emphasis added). The statute limits the court's probation power to two years, but judicial construction has permitted tolling in certain situations. The general principle is that the running of the probationary period is tolled while the probationer is not subject to the jurisdiction of the court. See State v. Campbell, 95 Wash.2d 954, 957, 632 P.2d 517 (1981). By not counting time during which the probationer is not actually supervised, this rule ensures that the municipal court has two years of actual supervision to rehabilitate the probationer. Courts must give full effect to legislative enactments, and that means in this situation preserving the municipal court's two years.
This rule is usually applied to a probationer who leaves Washington. In State v. Haugen, 22 Wash.App. 785, 591 P.2d 1218 (1979), the defendant was placed on probation for three years on the condition that he serve six months in jail. Without serving his sentence, the defendant fled to California. Five years later the defendant returned to Washington, and his probation was revoked. The Court of Appeals held that the three-year probation period was tolled while the defendant was out of the state. Id. at 787-88, 591 P.2d 1218; see also State v. Frazier, 20 Wash.App. 332, 334, 579 P.2d 1357 (1978) (flight to Texas). Probation also tolls while the defendant is committed to a mental institution, Campbell, 95 Wash.2d at 957, 632 P.2d 517, and on appeal, State v. Mahoney, 36 Wash.App. 499, 502, 675 P.2d 628 (1984).
More like the case at bar is Gillespie v. State, 17 Wash.App. 363, 563 P.2d 1272 (1977). In Gillespie, the defendant was sentenced to three years' probation in 1972. However, he soon disappeared, and a bench warrant was issued on September 11, 1972. He was arrested two years later, on September 15, 1974. The defendant was released, but was absent from Washington for the rest of 1974. Upon return he again failed to report to probation authorities. The court held that the probation period was tolled for the entire time the defendant was on warrant status, even though there was no indication that he had in fact left Washington between 1972 and 1974. Id. at 366-67, 563 P.2d 1272. (The dissent ignores this when it cites Gillespie for the proposition that flight tolls jurisdiction.) The court reasoned that the purpose of probation was to rehabilitate the defendant, but that this purpose is frustrated when the defendant eludes the court's supervision. To hold the reverse would permit the defendant to avoid the conditions of probation all together.
*506 These cases deal with superior courts, but the principle is the same in municipal court, so we find them persuasive. Since even superior courts do not have inherent power to suspend a sentence, their probationary jurisdiction is also limited to that provided by statute. The dissent's emphasis on the constitutional difference between superior and district courts misses the mark. The similarity of the probation statutes calls for consistent analysis by the court. We therefore hold that the municipal court's probationary jurisdiction is tolled while a probationer is on warrant status. The defendant must comply with the conditions a court places on probation, and the court's power to punish the defendant for noncompliance is not impaired by the defendant's lack of cooperation.
During all three periods at issue, Marquette's conduct had the effect of removing him from supervision. When he did not report to jail, Marquette violated an express condition of probation, and the court was entitled to address the violation. For the 107 days that passed between the ripening of the violation and Marquette's arrest, the court was waiting to proceed, but could not. Similarly, for the periods of 65 and 8 days during which he was on warrant status for not appearing at show cause hearings, the court was waiting on Marquette. In all three cases Marquette's default caused the delay; in all three cases the court's probationary jurisdiction was therefore tolled.
We note that aside from his failures to appear, there is no evidence that Marquette hid from the authorities. It is enough that he did not appear when ordered to appear. We also note, however, that there is no evidence that the police failed to exercise due diligence in serving the bench warrants. If this were the case, our opinion could very well be different. Tolling is only triggered by the defendant's default. Thus we are not licensing administrative inertia in the municipal courts as amicus Washington Association of Criminal Defense Attorneys argues. Instead we recognize that a probationer has a duty to cooperate in his rehabilitation in exchange for the privilege of being relieved from jail time.
Both parties rely on federal precedent. The federal position was reduced to a general rule in United States v. Workman, 617 F.2d 48, 51 (4th Cir.1980), when the court stated, "a probationer can not obtain credit against the [probationary] period for any period of time during which he was not, in fact, under probationary supervision by virtue of his own wrongful act." See also United States v. Martin, 786 F.2d 974 (10th Cir.1986); Nicholas v. United States, 527 F.2d 1160, 1162 (9th Cir.1976). Thus under federal law also a probationer's time is tolled while in jail on another charge or outside the court's jurisdiction.
Marquette attempts to distinguish these federal cases on the basis of the federal probation statute. Unlike Washington's statutes, former 18 U.S.C. § 3651, repealed by Pub.L. No. 98-473, 98 Stat.1987 (1984), stated that "The period of probation, together with any extension thereof, shall not exceed five years" (emphasis added). Under federal interpretation, tolling of the probationary period was deemed an extension of the five years. Nicholas, 527 F.2d at 1162.
However, Marquette misstates the rationale of Nicholas and other federal cases holding that the probationary period may be tolled. Again the purpose of the rule is to prevent a probationer from avoiding the responsibilities of probation by eluding the supervising court's jurisdiction. A court will not enforce the literal words of a statute to the point of absurdity. It would be absurd to allow a probationer unilaterally to undermine a court's statutory authority. We do not find the federal authorities cited to be based on the minutiae of statutory construction, but on common sense. We also note that in the Comprehensive Crime Control Act of 1984 Congress decided the issue against Marquette's position. 18 U.S.C. § 3565(c) (1994) extends a federal court's power to revoke probation and impose another sentence beyond the original probationary term for any period of time "reasonably necessary" to adjudicate violations occurring before probation expired. Marquette's reliance on federal law is unavailing.

*507 CONCLUSION
The probationary period is tolled while a probationer is sought on a warrant. Washington case law establishes that a probationer's term of probation is tolled for any period in which the probationer is not actually under the court's supervision. Such a probationer does not divest the court of limited jurisdiction to enforce compliance with the terms of probation. Federal authorities likewise state that a probationer does not receive credit for time during which he or she is not actually under the court's supervision by virtue of his or her own wrongful act. Washington and federal courts are therefore unanimous in holding that a probationer may not avoid the terms of probation by ignoring the court's authority.
The first bench warrant the municipal court issued was for Marquette's failure to serve his one-day jail sentence. Because he did not report to jail as ordered, Marquette was out of compliance with the terms of probation. Until that warrant was served, the court was not able to supervise him, and so his probationary term was tolled. Similarly, Marquette's failures to appear at show cause hearings clearly thwarted the court's supervisory powers; in these cases too we find that the probationary term was tolled. We reverse the Court of Appeals and reinstate Marquette's sentence.
SMITH, MADSEN, IRELAND, BRIDGE and CHAMBERS, JJ., concur.
SANDERS, J. (dissenting).
Unlike superior courts, courts of limited jurisdiction are purely creatures of statute. Their existence and power to act are controlled exclusively by the Legislature. Not even the highest court in the state has the competence to grant inferior courts additional or expanded jurisdiction. Our state constitution delegates the authority to determine the nature and jurisdiction of inferior courts to the Legislature. The legislative branch may not delegate its authority over inferior courts' jurisdiction, nor may the judiciary invade upon the Legislature's exclusive authority in this arena by reading into statutes that which is not there. Inferior courts' jurisdiction is limited to that which clearly appears in the Legislature's enactments.

I.
To fully understand the impropriety of the majority's conclusion that inferior courts' temporal jurisdiction tolls when a probationer is sought on a warrant, it is important to recognize the fundamental distinctions between superior courts and inferior courts in our constitutional scheme. The existence of superior courts as an arm of the judiciary branch of government is guaranteed by our state constitution. See Const. art. IV, § 1. Likewise, the jurisdiction of superior courts is also set forth in our constitution:
Superior courts and district courts have concurrent jurisdiction in cases in equity. The superior court shall have original jurisdiction in all cases at law which involve the title or possession of real property, or the legality of any tax, impost, assessment, toll, or municipal fine, and in all other cases in which the demand or the value of the property in controversy amounts to three thousand dollars or as otherwise determined by law, or a lesser sum in excess of the jurisdiction granted to justices of the peace and other inferior courts, and in all criminal cases amounting to felony, and in all cases of misdemeanor not otherwise provided for by law; of actions of forcible entry and detainer; of proceedings in insolvency; of actions to prevent or abate a nuisance; of all matters of probate, of divorce, and for annulment of marriage; and for such special cases and proceedings as are not otherwise provided for. The superior court shall also have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court; and said court shall have the power of naturalization and to issue papers therefor. They shall have such appellate jurisdiction in cases arising in justices' and other inferior courts in their respective counties as may be prescribed by law. They shall always be open, except on nonjudicial days, and their process shall extend to all parts of the state. Said courts and their judges shall have power to issue writs of mandamus, *508 quo warranto, review, certiorari, prohibition, and writs of habeas corpus, on petition by or on behalf of any person in actual custody in their respective counties. Injunctions and writs of prohibition and of habeas corpus may be issued and served on legal holidays and nonjudicial days.
Const. art. IV, § 6.
In stark contrast, district courts and municipal courts are statutory creatures which owe their very existence to the Legislature's exercise of its constitutional power to create such inferior courts.
The judicial power of the state shall be vested in a supreme court, superior courts, justices of the peace, and such inferior courts as the legislature may provide.
Const. art. IV, § 1. While superior courts are a constitutionally required part of our state government, inferior courts are not. Not only is the Legislature granted discretion to provide for inferior courts, the constitution also grants it the sole authority to set forth the jurisdiction of any inferior courts it does create:
The legislature shall prescribe by law the jurisdiction and powers of any of the inferior courts which may be established in pursuance of this Constitution.
Const. art. IV, § 12. See also Young v. Konz, 91 Wash.2d 532, 540-41, 588 P.2d 1360 (1979). More than 11 decenniums ago, while our state was still in its infancy, this court acknowledged its inability to interfere with the Legislature in this arena by seeking to independently determine the power or jurisdiction of inferior courts:
[T]he power conferred upon the legislature to create additional inferior courts is not one of its original, inherent powers as the supreme legislative body of the state, which can be delegated by it, but is a delegated power, which must be exercised in the manner pointed out, and cannot be again delegated.
In re Application of Cloherty, 2 Wash. 137, 142, 27 P. 1064 (1891). Thus, not only is the authority to determine inferior courts' jurisdiction constitutionally reserved for the Legislature, it cannot be delegated to or usurped by another branch of government. The authority of inferior courts to act is utterly dependent on the Legislature's grant of jurisdiction, and "their right to the exercise of jurisdiction must clearly appear" in the statutory grant. McCall v. Carr, 125 Wash. 629, 631, 216 P. 871 (1923).
Correspondingly, we do not have the freedom to shape or expand inferior courts' jurisdiction to suit whatever needs we may perceive. Whether an existing grant of inferior-court jurisdiction is unwise or inadequate is a matter of legislative concern, not ours. Cf. Port of Tacoma v. Parosa, 52 Wash.2d 181, 192, 324 P.2d 438 (1958). Instead, we are bound by the clear expressions of inferior-court jurisdiction found in applicable legislation. To enforce jurisdictional statutes as written is not, as the majority suggests, "absurd." Majority at 506. Rather, it is our solemn constitutional duty to enforce such statutes as enacted by the Legislature pursuant to article IV, section 12.

II.
In addition to recognizing our constricted ability to determine the jurisdiction of inferior courts, we must also acknowledge the nature and source of courts' ability to impose suspended or deferred sentences. Courts' authority to impose a suspended or deferred sentence is granted by the Legislature. See State ex rel. Woodhouse v. Dore, 69 Wash.2d 64, 69, 416 P.2d 670 (1966); State v. Bird, 95 Wash.2d 83, 85, 622 P.2d 1262 (1980). The nature and scope of that authority, and the accompanying jurisdiction over probationers, differs depending on whether the suspended or deferred sentence is imposed by a superior court, district court, or municipal court. Even among municipal courts the legislative grant of jurisdiction over probationers differs depending on the size of the city in which the court is located.
In the case of superior courts, the legislative grant of authority to suspend or defer sentencing is codified in RCW 9.95.210:
In granting probation, the superior court may suspend the imposition or the execution of the sentence and may direct that the suspension may continue upon such conditions and for such time as it shall designate, not exceeding the maximum *509 term of sentence or two years, whichever is longer.
RCW 9.95.210(1).
District courts' authority to defer and suspend sentencing has been codified in RCW 3.66.067 and RCW 3.66.068, respectively. Until recently, district courts' jurisdiction over probationers was strictly limited to a maximum of two years:
After a conviction, the court may defer sentencing the defendant and place the defendant on probation and prescribe the conditions thereof, but in no case shall it extend for more than two years from the date of conviction....
Former RCW 3.66.067 (1984) (emphasis added).

For a period not to exceed ... two years after imposition of sentence ..., the court has continuing jurisdiction and authority to suspend the execution of all or any part of its sentence upon stated terms, including installment payment of fines....
Former RCW 3.66.068 (1999) (emphasis added).
Municipal courts have also been granted authority to suspend and defer sentences. Municipal courts in cities with a population greater than 400,000 are governed by chapter 35.20 RCW. See RCW 35.20.010. Their authority to impose probation is codified in RCW 35.20.255, which until recently read:
Judges of the municipal court, in their discretion, shall have the power in all criminal proceedings within their jurisdiction including violations of city ordinances, to defer imposition of any sentence, suspend all or part of any sentence, fix the terms of any such deferral or suspension, and provide for such probation and parole as in their opinion is reasonable and necessary under the circumstances of the case, but in no case shall it extend for more than ... two years from the date of conviction....
Former RCW 35.20.255 (1999) (emphasis added). Cities with a population of less than 400,000 may operate a municipal court by creating an "inferior court to be known and designated as a municipal court" independent of any district courts. RCW 3.50.010. Such courts have jurisdiction over probationers pursuant to RCW 3.50.320 and RCW 3.50.330, which until recently read:
After a conviction, the court may defer sentencing and place the defendant on probation and prescribe the conditions thereof, but in no case shall it extend for more than two years from the date of conviction....
Former RCW 3.50.320 (1984) (emphasis added);

For a period not to exceed five years after imposition of sentence for a defendant sentenced under RCW 46.61.5055 and two years after imposition of sentence for all other offenses, the court shall have continuing jurisdiction and authority to suspend the execution of all or any part of the sentence upon stated terms, including installment payment of fines....
Former RCW 3.50.330 (1984) (emphasis added).
Alternatively, cities with a population of less than 400,000 may establish a municipal court as a department of the district court of the county in which the city is located. RCW 3.46.010. The jurisdiction of such municipal courts is equal to the jurisdiction of the district court of which they are a department.
The City of Spokane has opted for the latter and the Spokane Municipal Court, which issued Marquette's probation, is established as a department of the Spokane County District Court. See SMC 5.01.010. In addition, Marquette's probation was imposed following his guilty plea and sentence to 365 days in jail, of which 364 days were suspended. The relevant statute is therefore RCW 3.66.068, but the jurisdictional principles discussed herein apply with equal force to all inferior courts.
The Legislature recently amended RCW 3.66.068 by adding a tolling provision like the one the majority reads into the former version of the statute:
A defendant who has been sentenced, or whose sentence has been deferred, and who then fails to appear for any hearing to address the defendant's compliance with the terms of probation when ordered to do so by the court, shall have the term of probation tolled until such time as the *510 defendant makes his or her presence known to the court on the record.
Laws of 2001, Reg. Sess., ch. 94, § 2.[1] Thus, under current law, warrant status may toll probation. However, since this amendment took effect July 22, 2001, it came into effect much too late to be applied to Marquette's probation.
Generally, a statutory amendment applies prospectively only, unless the Legislature has clearly expressed otherwise. Adcox v. Children's Orthopedic Hosp., 123 Wash.2d 15, 30, 864 P.2d 921 (1993). The act by which the Legislature amended its grant of jurisdiction over probationers to inferior courts contains no express intent that it be applied retroactively.
However, an amendment may apply retroactively if it is curative or remedial and intended to clarify rather than change the law. An amendment is curative if it clarifies or technically corrects an ambiguous, older statute, without changing prior case law. Any attempt by the Legislature to contravene retroactively this Court's construction of a statute "is disturbing in that it would effectively be giving license to the [L]egislature to overrule this [C]ourt, raising separation of powers problems."

Magula v. Benton Franklin Title Co., 131 Wash.2d 171, 182, 930 P.2d 307 (1997) (citations omitted) (alterations in original) (quoting Johnson v. Morris, 87 Wash.2d 922, 926, 557 P.2d 1299 (1976)).
Floor discussions during the passage of Laws of 2001, Reg. Sess., ch. 94, §§ 1-5, reveal the Legislature amended its grant of probation jurisdiction to inferior courts in direct response to the Court of Appeals decision in this case. Furthermore, it is presumed the Legislature is aware of past judicial interpretations of its legislation. State v. McCullum, 98 Wash.2d 484, 493, 656 P.2d 1064 (1983). Therefore, to apply this amendment retroactively would have the disturbing effect this court warned of in Magula. It would allow the Legislature to overrule the Court of Appeals decision in Marquette's case. As a result, whether Marquette's probation tolled when he was in warrant status must be determined based on an interpretation of former RCW 3.66.068.
The majority recognizes as much, but then claims the Legislature's amendment is irrelevant and does not affect these proceedings. Majority at 505. Nothing could be further from the truth. The amendment is the most telling evidence on whether the Legislature's grants of jurisdiction to inferior courts, as they read prior to the amendment, allowed for tolling when a probationer is on warrant status. If the prior version allowed for tolling there would be no need to amend the statute by including a tolling provision. Cf. State v. Alberts, 51 Wash.App. 450, 452-54, 754 P.2d 128 (1988) (discussing the impact of the Legislature's amendment to its statutory grant of jurisdiction over probationers to superior courts in light of court constructions of the former version of the statute and legislative history of the amendment).

III.
Although the statutory grants of authority to the various types of courts seem to define outer temporal limits of jurisdiction over probationers, there are circumstances that may toll these limits. As a general statement of principle, probation may toll whenever the probationer is beyond the jurisdiction and power of the court and therefore not amenable to process by the court. For example, a probationer's flight from the jurisdiction may toll probation until the probationer is brought back to supervision of the court. See, e.g., Gillespie v. State, 17 Wash.App. 363, 366-68, 563 P.2d 1272 (1977); State v. Frazier, 20 Wash.App. 332, 334, 579 P.2d 1357 (1978). This may be the result even if the probationer's whereabouts outside the jurisdiction are known. See, e.g., State v. Lee, 48 Wash.App. 322, 325, 738 P.2d 1081 (1987). Another situation in which probation may toll is a probationer's commitment to a mental institution, as such renders the probationer not amenable to process by the court. State v. Campbell, 95 Wash.2d 954, 957, 632 *511 P.2d 517 (1981). Lastly, probation may toll when a probationer is in prison or while the matter is on appeal. See Campbell, 95 Wash.2d at 957, 632 P.2d 517 (citing United States v. Gerson, 192 F.Supp. 864 (E.D.Tenn. 1961), aff'd, 302 F.2d 430 (6th Cir.1962)); State v. Cirkovich, 41 Wash.App. 275, 280, 703 P.2d 1075 (1985).
However, as the Court of Appeals noted, none of those situations applies here. See City of Spokane v. Marquette, 103 Wash.App. 792, 799, 14 P.3d 832 (2000). There is no indication Marquette fled Spokane County or otherwise made himself not amenable to the Spokane Municipal Court. For example, the record is devoid of even a single unsuccessful attempt by law enforcement to serve any of the multiple warrants on Marquette.
More importantly, though, the notion that a probationer's absence from the jurisdiction and power of the court tolls probation has never before been applied to inferior courts. The majority glosses over this fact by relying on the fact that neither inferior nor superior courts have inherent powers to suspend or defer sentences. Majority at 506. Be that as it may, the source of courts' authority to impose a suspended or deferred sentence does not change the fact that under our state constitution only the Legislature is authorized to "prescribe by law the jurisdiction and powers of any of the inferior courts." Const. art. IV, § 12. Nor does it affect the long-standing principle that this court is powerless to expand the temporal jurisdiction of inferior courts by usurping the authority over inferior courts' jurisdiction granted by the constitution only to the Legislature. See In re Cloherty, 2 Wash. at 142, 27 P. 1064. Inferior courts share many of the same characteristics of superior courts but we must not forget that, fundamentally, inferior courts are statutory creatures which owe their existence and power to act to the Legislature. We are therefore bound to narrowly confine our construction of their jurisdiction to the clear expression as found in the Legislature's enactments. McCall, 125 Wash. at 631, 216 P. 871.
Nor does federal case law support the majority's expansion of the temporal jurisdiction of inferior courts in the state of Washington. The majority relies in large part on principles of federal law as expressed in Nicholas v. United States, 527 F.2d 1160 (9th Cir.1976). See majority at 506. In that case, the court held the issuance of a bench warrant tolled the probationary period. Nicholas, 527 F.2d at 1162. Thus, if the rationale from Nicholas could be applied to these proceedings, it might support the majority's resolution of the case at bar. However, Nicholas is inapplicable to inferior courts in the state of Washington.
The decision in Nicholas was based on former 18 U.S.C. § 3651, repealed by Pub.L. No. 98-473, 98 Stat.1987 (1984). Nicholas, 527 F.2d at 1161. Before being repealed this statute read in part: "`The period of probation, together with any extension thereof, shall not exceed five years.'" Nicholas, 527 F.2d at 1161 (emphasis added). The court reasoned, "[t]he phrase `together with any extension thereof' includes extensions during the unexpired probationary period created by operation of law." Id. at 1161. By analogy to tolling for imprisonment, the court then held the probationary period should toll "when a warrant has issued and a probationer has voluntarily left the jurisdiction, or has concealed himself within the jurisdiction to avoid service of process." Id. at 1162.
In stark contrast, the statutes at issue here are devoid of any provisions like the provision "together with any extension thereof" in former 18 U.S.C. § 3651. Quite the contrary, former RCW 3.66.068 limits inferior courts' temporal jurisdiction following a suspended sentence to "a period not to exceed two years after imposition of sentence." See also former RCW 3.66.067 (1984) ("but in no case shall [probation] extend for more than two years from the date of conviction"); former RCW 3.50.320 (1984) ("but in no case shall [probation] extend for more than two years from the date of conviction"); former RCW 3.50.330 (1984) ("For a period not to exceed ... two years after imposition of sentence"); former RCW 35.20.255 (1999) ("but in no case shall it extend for more than... two years from the date of conviction"). Conceptually, former 18 U.S.C. § 3651 is *512 worlds apart from the statutes at issue here.[2] As a result, even assuming this court had the authority to usurp the authority granted the Legislature in article IV, section 12, and read a new tolling principle into former RCW 3.66.068, federal case law would still not support the majority's reasoning on whether a probationer's warrant status tolls an inferior court's temporal jurisdiction.

IV.
Turning to the correct resolution of the case at bar, Marquette was sentenced to a one-year jail term by the Spokane Municipal Court, suspended for two years on February 22, 1996. Whether the court had jurisdiction and authority to revoke that suspended sentence at the hearing on July 29, 1998, hearinga date more than two years after Marquette's sentencingis determined by applying former RCW 3.66.068 (1983):

For a period not to exceed two years after imposition of sentence, the court has continuing jurisdiction and authority to suspend the execution of all or any part of its sentence upon stated terms, including installment payment of fines....
(Emphasis added.) See Magula, 131 Wash.2d at 182, 930 P.2d 307; supra, at 506-507.
Marquette's probation, as well as his agreement with the City to abide by the conditions imposed on his probation, ran until February 22, 1998. Although the April 15, 1998, hearing took place after that expiration date, it was held to consider a violation that occurred the previous falli.e., during the probationary period. Marquette acknowledges the court had jurisdiction at the April 15 hearing to address that violation and to, if it chose, revoke his suspended sentence.
However, when the court chose not to revoke Marquette's suspended sentence at the April 15 hearing, it effectively surrendered jurisdiction over him. The court's last chance to revoke Marquette's probation was at that hearing. Marquette's previous violations did not give the court authority to extend his suspended sentence beyond the statutory maximum of two years. "For a period not to exceed two years after imposition of sentence" means what it says, not what this court or any other court thinks it should mean. Consequently, the Spokane Municipal Court did not have authority under former RCW 3.66.068 or any other statute to do what it did at the April 15 hearing, which was to further extend Marquette's suspended sentence by setting a hearing to review Marquette's conduct beyond the two-year probationary period. Any conduct by Marquette that would have violated the conditions imposed on his probation if it occurred before February 22, 1998, does not give the court authority to revoke Marquette's suspended sentence if the conduct occurred after February 22, 1998.
The majority seeks to justify its tolling principle by reasoning, "the court's power to punish the defendant for noncompliance is not impaired by the defendant's lack of cooperation." Majority at 506. But my colleagues fail to recognize the court had the power to punish Marquette for his failure to comply with the conditions on his probation. It chose not to, however.
Since the court did not have authority on April 15 to suspend Marquette's sentence beyond the statutory two-year period, it follows the court also did not have jurisdiction to set the July 8, 1998, hearing. Whether or not it was, as the municipal court suggested, a "review hearing" is irrelevant. After February 22, 1998, there was no probation to reinstate, violate, or review. The hearing on July 29, 1998, at which the court finally did revoke Marquette's probation, was held because of Marquette's failure to appear on July 8. Consequently, the court's actions at that hearing and at the November 18 remand hearing fail for the same reason. The probation had expired months ago, wherefore there was also no probation to revoke on July 29 or November 18.

CONCLUSION
The Legislature's recent amendment to inferior courts' jurisdiction applies prospectively *513 only, and under the law as it existed prior to this amendment probation did not toll merely because a probationer is in warrant status. I would therefore hold Marquette's probation did not toll, and the Spokane Municipal Court did not have jurisdiction to reinstate his suspended sentence after February 22, 1998. Consequently, the court had no authority to revoke that suspension based on violations occurring after that date. I would therefore affirm the Court of Appeals and accordingly I dissent.
ALEXANDER, C.J., and JOHNSON, J., concur.
NOTES
[1] The identical tolling provision was also added to the statutes granting probation jurisdiction to other inferior courts. See Laws of 2001, Reg. Sess., ch. 94, §§ 1-5 (amending RCW 3.66.067, 3.66.068, 35.20.255, 3.50.320, and 3.50.330).
[2] Arguably, the current versions of the statutes governing inferior courts' jurisdiction over probationers are conceptually similar to the statute based on which Nicholas was decided, but as the majority concedes this case is not governed by the current versions.