Mark A. **MISIAK**, Plaintiff—Appellant,

v.

State of **WASHINGTON; et al.,**
Defendants—Appellees.

No. 04–35404.

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2005.*

Decided June 24, 2005.

Mark A. Misiak, Walla Walla, WA, pro se.

Dale T. Wagner, Esq., Office of the Attorney General, Randall J. Watts, Esq., Office of the Prosecutor, Bellingham, WA, Joel E. Wright, Esq., William L. Cameron, Esq., Lee Smart Cook Martin & Patterson, P.S., Seattle, WA, for Defendants–Appellees.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM **

Washington state prisoner Mark A. Misiak appeals pro se the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging defendants conspired to violate his civil rights during his criminal trial. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo both a district court's dismissal for failure to state a claim and

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

summary judgment. *Barnett v. Centoni,* 31 F.3d 813, 815–16 (9th Cir.1994) (per curiam). We affirm.

The district court properly dismissed the claim against his former defense attorneys, Bernstein and Kimberley, because Misiak's conclusory allegation that they conspired to deprive him of his constitutional rights is insufficient to state a claim cognizable under section 1983. *See Radcliffe v. Rainbow Constr. Co,* 254 F.3d 772, 783–84 (9th Cir.2001).

The district court properly dismissed the claims against Whatcom County because Whatcom County has no authority over the superior court. *See* Wash. Const. art. IV, §§ 1,6; *City of Spokan v. Marquette,* 146 Wash.2d 124, 135, 43 P.3d 502 (2002) (en banc) (superior courts of Washington exist as an arm of the state judiciary).

The district court properly granted summary judgment to the state of Washington as it has not consented to suit. *See Will v. Michigan Dep't of State Police,* 520 U.S. 43, 69, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997).

The district court properly granted summary judgment on judicial and prosecutorial immunity grounds respectively to Whatcom County Superior Court Judges Moynihan and Nichols, *Meek v. County of Riverside,* 183 F.3d 962, 966 (9th Cir.1999), and prosecuting attorney Setter, *Imbler v. Pachtman,* 424 U.S. 409, 431, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

The district court did not abuse its discretion in denying Misiak's motion for leave to amend his complaint after responsive pleadings were filed, because amendment would have been futile. *See Flowers v. First Hawaiian Bank,* 295 F.3d 966, 976 (9th Cir.2002).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

The district court's denial of Misiak's request for a preliminary injunction was not an abuse of discretion because Misiak failed to show that he was entitled to injunctive relief. *See Harris v. Board of Supervisors, L.A. County,* 366 F.3d 754, 760 (9th Cir.2004).

Misiak's remaining contentions lack merit.

Misiak's request for sanctions is denied.

All pending motions are denied.

AFFIRMED.