88 P.3d 1012 (2004)
STATE of Washington, Appellant,
v.
Gordon L. ADAMS, Respondent.
Nos. 51531-4-I, 51532-2-I, 51533-1-I.
Court of Appeals of Washington, Division 1.
May 3, 2004.
William R. Joice, Mill Creek, WA, for Appellant.
Thomas M. Curtis, Seth A. Fine, Charles F. Blackman, Snohomish County Prosecutor's Office, Everett, WA, for Respondent.
ELLINGTON, J.
For criminal offenses committed before July 1, 2000, courts have 10 years to enforce financial obligations imposed as part of the sentence. The only question here is whether that time is tolled when an offender is out of state or has an outstanding warrant. We hold that jurisdiction is not tolled, and affirm the trial court's order terminating supervision.

FACTS
In 1988, Gordon Adams pled guilty to charges of forgery and second degree possession *1013 of stolen property. His sentence included a requirement that he pay court costs and restitution. In 1990, Adams pled guilty to another charge of possessing stolen property and a charge of taking a motor vehicle without permission. Again he was ordered to pay court costs.
Adams was released from prison in Washington in 1993. He was immediately transferred to the Oregon Department of Corrections. He was paroled in Oregon in 1994. In February, 1995, Adams' Oregon parole officer lost contact with him.
Adams never made any payments on the financial obligations imposed in the Washington cases. Upon learning that Oregon had lost track of Adams, the Washington Department of Corrections (DOC) obtained a warrant for Adams' arrest.[1] Adams was incarcerated on new charges in Spokane in November, 2002, and a hearing was held on his outstanding financial obligations. The trial ruled that neither Adams' absence nor his "abscond status"[2] tolled the time allowed for collecting financial obligations, and time had expired. The State appeals.

DISCUSSION
The only question in this case is whether the 10 years provided by statute for collection of legal financial obligations[3] is tolled when an offender leaves the jurisdiction or absconds from supervision.
Restitution is entirely controlled by statute.[4] As relevant here, the statute provides:
For the purposes of this section, for an offense committed prior to July 1, 2000, the offender shall remain under the court's jurisdiction for a term of ten years following the offender's release from total confinement or ten years subsequent to the entry to the judgment and sentence, whichever period ends later.[5]
The time to collect other legal financial obligations is also 10 years for offenses committed before July 1, 2000.[6]
Contending this time should be tolled whenever an offender is absent or on warrant status, the State analogizes to cases holding that probation is tolled when an offender is unavailable for supervision. For example, in City of Spokane v. Marquette,[7] the defendant was sentenced to 365 days in jail, with 364 suspended on condition he serve two years' probation and complete alcohol treatment. Marquette failed to serve the day not suspended and failed to undergo treatment. Warrants were issued for his arrest. The trial court reinstated his suspended sentence and probation, and then (after Marquette again failed to appear) revoked his probation. Marquette objected that the court's two-year jurisdiction expired before the final hearing. The Supreme Court disagreed, and held that a probationer cannot, simply by absconding, divest the court of jurisdiction to enforce its sentence. Because Marquette was "not actually under the court's supervision" while the warrants were outstanding, the term of his probation was tolled during that time.[8]
Other cases have reached similar conclusions, on the same theorythat the *1014 offender was unavailable for supervision.[9] The common thread in these cases is frustration of the purpose of supervision. Probation in lieu of incarceration is a privilege; its aim is rehabilitation. When an offender eludes supervision, he eludes rehabilitation as well. If his absence does not toll the court's jurisdiction, he escapes punishment altogether. As the court observed in Marquette: "[W]e recognize that a probationer has a duty to cooperate in his rehabilitation in exchange for the privilege of being relieved of jail time."[10]
Similarly, where conditions are imposed[11] as part of a felony sentence, supervision is tolled by any period during which the offender absconds from supervision.[12]
Supervision of legal financial obligations is different. Under the statutes we construe here, the only objective is the collection of moneys owed. No jail time is suspended, there is no monitoring of the offender's behavior or whereabouts, and nowhere has the legislature provided for tolling. Instead, the legislature provided a lengthy time for collection, allowed for extension of that time, and also provided that an offender's financial obligations are enforceable privately, in the same manner as civil judgments.[13]
The question of tolling under the restitution statute was addressed in In re: Sappenfield.[14] Noting that the plain language of the restitution statute made no provision for tolling, and that the legislature protected against the risk that victims would go uncompensated by permitting the extension of jurisdiction for an additional 10 years, the court held that jurisdiction to collect restitution is not tolled by an offender's imprisonment, even though the same offender's community placement supervision is tolled by incarceration.[15]
The State contends the Sappenfield rule applies only to tolling by imprisonment, and that absconding is different, because the offender's own wrongful acts (rather than his status as an inmate) are the cause of the State's inability to supervise him. The State argues the legislature intended to provide 10 years for collecting financial obligations imposed at sentencing, and if an offender leaves the state or absconds, the 10 years is reduced by every day the offender is unavailable.
But this argument is not supported by the statutes themselves. Like the statutes in Sappenfield, they make no provision for tolling, and we can see no principled basis for distinguishing Sappenfield. Further, even if there could be some theoretical difference between incarceration and absconding for other purposes, Adams did not abscond. His sentence did not require him to remain within the state of Washington, or even to contact DOC. Indeed, his whereabouts were of no consequence to the State, so long as he sent his payments. As relevant to this question, therefore, Adams' only arguably wrongful act[16] was his failure to comply with the original orderthat is, to pay his financial obligations. Failure to comply with an order is insufficient, by itself, to toll the court's jurisdiction to enforce that order. While a warrant was issued for Adams' arrest after his Oregon parole officer lost track of him, it was not issued for any wrongdoing on his part except failure to pay. Unlike Marquette, Adams did not fail to appear when ordered to appear. The circumstances thus give no more support to the State's argument than does the case law.
*1015 It is for the legislature to decide what resources will be expended in the effort to recoup funds from offenders. To accept the State's position here is to rewrite the statutes and provide essentially indefinite jurisdiction. In 2000, the legislature did exactly that: "[F]or an offense committed on or after July 1, 2000, the offender shall remain under the court's jurisdiction until the obligation is completely satisfied."[17] Under the provisions at issue here, however, the State's jurisdiction was for a finite term, with opportunity to seek a 10-year extension of jurisdiction, which the State did not do.
The trial court correctly ruled that jurisdiction to enforce Adams' legal financial obligations had expired, and we affirm.
NOTES
[1] It appears this warrant was never served.
[2] Clerk's Papers at 5.
[3] The State points out that under a 1994 amendment to the restitution and legal financial obligation statutes, the court's 10-year jurisdiction runs from the date of Adams' release from total confinement, not from the date of sentencing. RCW 9.94A.753(4) ("the offender shall remain under the court's jurisdiction for a term of ten years following the offender's release from total confinement or ten years subsequent to the entry of the judgment and sentence, whichever period ends later"); RCW 9.94A.760(4). This amendment applies retroactively. State v. Shultz, 138 Wash.2d 638, 641, 980 P.2d 1265 (1999). But because more than 10 years have passed from the date of Adams' release, the amendment plays no part in our analysis.
[4] In re Sappenfield, 138 Wash.2d 588, 591, 980 P.2d 1271 (1999).
[5] RCW 9.94A.753 (formerly RCW 9.94A.142).
[6] RCW 9.94A.760.
[7] 146 Wash.2d 124, 43 P.3d 502 (2002).
[8] Id. at 134, 43 P.3d 502.
[9] See State v. Haugen, 22 Wash.App. 785, 787-88, 591 P.2d 1218 (1979) (probation tolled while defendant absent from state); State v. Campbell, 95 Wash.2d 954, 957, 632 P.2d 517 (1981) (probation tolled when defendant was committed to a mental institution).
[10] Marquette, 146 Wash.2d at 132, 43 P.3d 502.
[11] Conditions may include requirements for work, education, living arrangements, geographical limitations or treatment requirements. See, e.g., RCW 9.94A.700.
[12] RCW 9.94A.625(2).
[13] RCW 9.94A.760(4).
[14] 138 Wash.2d 588, 980 P.2d 1271 (1999).
[15] Sappenfield, 138 Wash.2d at 593-94, 980 P.2d 1271. Sappenfield addressed the former versions of RCW 9.94A.753 and RCW 9.94A.625, RCW 9.94A.142 and RCW 9.94A.170 respectively.
[16] The record does not disclose whether Adams' failure to pay was willful.
[17] RCW 9.94A.753(4) (restitution); RCW 9.94A.760(4) (other financial obligations). Additionally, all offenders sentenced to terms involving legal financial obligations must now comply with DOC instructions and conditions that include, at a minimum, remaining within prescribed geographic boundaries and notifying community corrections of any change in address. RCW 9.94A.720(1).