[No. 75561-2. En Banc.]
Considered February 3, 2005.     Decided March 10, 2005.

THE STATE OF WASHINGTON, *Petitioner*, v. GORDON ADAMS, *Respondent*.

*Janice E. Ellis, Prosecuting Attorney,* and *Thomas M. Curtis, Deputy,* for petitioner.

*William R. Joice,* for respondent.

¶1 PER CURIAM — The State seeks review of a published Court of Appeals decision holding that the State's enforcement action against Gordon Adams for his legal financial obligations was untimely. The State argues that the trial court erred in ruling that it had no jurisdiction in 2002 to enforce Adams's legal financial obligations stemming from his 1988 and 1990 convictions. We hold that under former RCW 9.94A.145 (1989), *recodified as* RCW 9.94A-.760, Adams's financial obligations stemming from his 1990 convictions were subject to enforcement in 2002. We grant review on this issue only and reverse.

## FACTS

¶2 In the spring of 1988, Gordon Adams pleaded guilty to charges of forgery and second degree possession of stolen property. His sentence included a requirement that he pay court costs and restitution. He was released from incarceration on those charges that same year. On August 14, 1990, Adams pleaded guilty to another charge of second degree possession of stolen property and a charge of taking a motor vehicle without permission. In addition to incarceration, he was ordered to pay a $100 victim assessment for each of the two offenses. He was released from prison in Washington on these charges on March 18, 1993. He was immediately transferred to the Oregon Department of Corrections regarding other matters. He was paroled in Oregon in June 1994. In February 1995, Adams's Oregon parole officer lost contact with him.

¶3 Adams never made any payments on the financial obligations imposed in the Washington cases. Upon learning that Oregon had lost track of Adams, the Washington Department of Corrections set a hearing on June 20, 1995, regarding his outstanding financial obligations. Adams did not appear, and a bench warrant was issued for his arrest.

¶4 At some point, Adams returned to Washington and was incarcerated on new charges in Spokane on November 19, 2002. On November 25, 2002, a hearing was held on his

outstanding financial obligations for his 1988 and 1990 convictions. The trial court ruled that, since there had been no action to extend the time period of Adams's financial obligations, the court was "without jurisdiction." Report of Proceedings (Nov. 25, 2002) at 6. It therefore dismissed each of the causes. The court's written orders acknowledged that Adams had been in "abscond status" since June 1995 but concluded that "the 10 year period since the filing of the Judgment and Sentence for the collection of legal financial obligations was not tolled despite the defendant's being in abscond status." Clerk's Papers (CP) at 8, 49, 87.

¶5 The State appealed, arguing in part that the 10-year enforcement period began running when Adams was released from incarceration. Thus, as for the 1990 charges, the State asserts that the enforcement period did not expire until March 2003.[1] The Court of Appeals affirmed, holding the trial court correctly ruled that its jurisdiction to enforce Adams's legal financial obligations had expired. *State v. Adams*, 121 Wn.App. 438, 88 P.3d 1012 (2004). As discussed below, that holding is incorrect as to Adams's 1990 legal financial obligations.

ANALYSIS

¶6 As noted, Adams's legal financial obligations for both his 1988 convictions and his 1990 convictions were at issue at the November 25, 2002, hearing. The 1988 judgment and sentence included an order for restitution and court costs. The 1990 judgment and sentence imposed a victim assessment of $100 for each of the two convictions. CP at 22, 63. The State argued to the Court of Appeals and argues to this court that dismissal of the 1990 obligations was contrary to former RCW 9.94A.145. The Court of Appeals dismissed the State's argument in a footnote, stating:

---

[1] The State alternatively argued that the enforcement period should be tolled as to both the 1988 and 1990 financial obligations while Adams was out of the state or subject to a warrant. The Court of Appeals rejected this contention. We do not address this issue.

The State points out that under a 1994 amendment to the restitution and legal financial obligation statutes, the court's 10-year jurisdiction runs from the date of Adams' release from total confinement, not from the date of sentencing. RCW 9.94A.753(4) (Laws of 1994, ch. 271, § 602) ("the offender shall remain under the court's jurisdiction for a term of ten years following the offender's release from total confinement or ten years subsequent to the entry of the judgment and sentence, whichever period ends later"); RCW 9.94A.760(4). This amendment applies retroactively. *State v. Shultz*, 138 Wn.2d 638, 641, 980 P.2d 1265 (1999). But because more than 10 years have passed from the date of Adams' release, the amendment plays no part in our analysis.

*Adams*, 121 Wn. App. at 440 n.3.

■ ¶7 Both the State's briefing to the Court of Appeals and the above quoted language from the published decision muddled together the history and analysis of the legal financial obligations statute, former RCW 9.94A.145, with the restitution statute, former RCW 9.94A.142 (1989), *recodified as* RCW 9.94A.753. As the names imply, the latter statute addresses "restitution," and the former statute more broadly addresses restitution, costs, fines, and "other assessments." *See* former RCW 9.94A.145(1). Since Adams's 1990 financial obligations included only victim assessments, former RCW 9.94A.145 applied rather than the restitution statute. *See State v. Serio*, 97 Wn. App. 586, 589, 987 P.2d 133 (1999) ("While RCW 9.94A.142 applies specifically to restitution, the general 'legal financial obligations' of felons, including restitution, costs, fines and other assessments, are covered by RCW 9.94A.145(4).").

■ ¶8 Because former RCW 9.94A.145 applies, the "1994 amendment" referenced by the Court of Appeals and our decision in *Shultz* have no application here since they both addressed the restitution statute.[2] The relevant por-

---

[2] In *Shultz* we held that the 1994 and 1997 amendments to the *restitution* statute, former RCW 9.94A.142, applied retroactively. *See Shultz*, 138 Wn.2d at 641, 649, *cert. denied*, 529 U.S. 1066 (2000). Also, there was no 1994 amendment to former RCW 9.94A.145.

tion of former RCW 9.94A.145 provided that the time period for enforcing legal financial obligations such as victim assessments was 10 years for offenses committed before July 1, 2000.[3] Such obligations "may be enforced at any time during the ten-year period following the offender's release from total confinement or within ten years of entry of the judgment and sentence, whichever period ends later." Former RCW 9.94A.145(4) (2000), *recodified as* RCW 9.94A.760(4). The original 1989 enactment of this statute contained substantively comparable language and was in effect when Adams entered his 1990 guilty pleas. *See* LAWS OF 1989, ch. 252, §§ 3(2), 30, at 1176, 1195.

¶9 Applying this provision, the enforcement period for Adams's 1990 financial obligations was to expire in March 2003, 10 years after his March 18, 1993, release date for the 1990 convictions. Accordingly, the trial court erred when it determined in November 2002 that the 10-year enforcement period had expired as to Adams's 1990 financial obligations. Similarly, as to the 1990 obligations, the Court of Appeals also erred in determining that "more than 10 years have passed from the date of Adams' release." *Adams*, 121 Wn. App. at 440 n.3.

## CONCLUSION

¶10 The trial court erred in determining that it was without jurisdiction as to Adams's legal financial obligations stemming from his 1990 convictions. Accordingly, that portion of the trial court's order and the portion of the Court of Appeals decision affirming it are reversed, and the case is remanded for further proceedings consistent with this opinion.

---

[3] For legal financial obligations regarding crimes committed after July 1, 2000, the court retains jurisdiction for payment purposes "until the obligation is completely satisfied." RCW 9.94A.760(4).