156 P.3d 951 (2007)
STATE of Washington, Respondent,
v.
Henry GOSSAGE, Appellant.
No. 58231-3-I.
Court of Appeals of Washington, Division 1.
April 30, 2007.
*952 Lila Jane Silverstein, Washington Appellate Project, Seattle, Counsel for Appellants.
James M. Whisman, King County Prosecutor's Office, Seattle, Counsel for Respondents.
ELLINGTON, J.
¶ 1 Under some circumstances, an offender may seek a certificate of discharge and restoration of civil rights, and a sex offender may seek early termination of registration obligations. Henry Gossage sought both, and appeals the denial of his petition. Because he does not satisfy the requirements for a certificate of discharge, and offered no proof that he should be relieved of registration obligations, we affirm.

BACKGROUND
¶ 2 Henry Gossage pleaded guilty in April 1992 to multiple sexual offenses against his minor daughter. In addition to confinement, Gossage was ordered to pay a victim penalty assessment, court costs, and restitution. The conditions of Gossage's sentence include sex offender registration, and a prohibition on possession of firearms.
¶ 3 Gossage was released from confinement in 1995, and since then has been registered as a level one sex offender. The Department of Corrections terminated his supervision on November 4, 2003. At that time, a balance of $4,020.98, including accrued interest, remained owing on his legal financial obligations. He continued to make payments, apparently keeping just abreast of interest charges, and owed $4,016.45 as of April 2006.[1]
¶ 4 In December 2005, Gossage petitioned pro se for a certificate of discharge, early termination of registration requirements, rehabilitation from firearm disability, and restoration of civil rights. The superior court denied the motion without a hearing. Gossage appeals.

DISCUSSION

Appealability
¶ 5 Preliminarily, the State challenges whether the trial court's order is appealable. We conclude it is a final judgment that leaves "nothing else to be done to arrive at the ultimate disposition of the petition,"[2] and is thus appealable. We reject as inapt the State's analogy to In re Detention of Petersen,[3]In re Dependency of Chubb,[4] and In re Marriage of Greenlaw,[5] because in contrast to the proceedings in those cases, a court reviewing a petition for restoration of civil rights or relief from the obligation to register as a sex offender does not have continuing jurisdiction over the offender,[6] and there is no set review of an offender's eligibility for restoration of rights or relief from the registration obligation.[7]
¶ 6 We conclude the trial court's order is appealable as a matter of right.

*953 Certificate of Discharge

¶ 7 RCW 9.94A.637(1)(a) requires discharge of an offender who has completed all sentencing requirements:
When an offender has completed all requirements of the sentence, including any and all legal financial obligations, and while under the custody and supervision of the department, the secretary or the secretary's designee shall notify the sentencing court, which shall discharge the offender and provide the offender with a certificate of discharge by issuing the certificate to the offender in person or by mailing the certificate to the offender's last known address.
Gossage contends that he has completed all sentencing requirements because the only outstanding condition, payment of financial obligations, is no longer enforceable by the court.
¶ 8 For offenses committed before July 1, 2000, the court loses jurisdiction to enforce an order on restitution and other legal financial obligations 10 years after the offender's release, unless the court extends its jurisdiction before the period ends.[8] The court did not extend its jurisdiction here, and thus in 2005, the court lost the ability to take action against Gossage for failure to pay his financial obligations.
¶ 9 But loss of enforcement jurisdiction does not nullify the order for all purposes. Gossage cites language from Personal Restraint of Sappenfield to the effect that "[i]f a court's jurisdiction over a restitution order lapses under RCW 9.94A.142, that restitution order becomes void."[9] But Sappenfield addressed only the enforceability of an expired restitution order, not an offender's entitlement to discharge and restoration of civil rights. The statement in Sappenfield is dicta,[10] is supported by no cited authority, and we do not believe the court meant to say the order disappears from all notice.
¶ 10 The rule that a restitution order cannot be enforced after a certain period of time conserves court and correctional resources by concentrating collection efforts and thereafter removing any duty to attempt collection on debts unlikely to be repaid.[11] But the State's inability to take action to collect the debt does not mean the sentence condition is satisfied. RCW 9.94A.637 allows discharge only upon completion of all sentence requirements. An offender does not complete all his sentence requirements by merely avoiding payment of restitution until the court's enforcement jurisdiction expires. Such a rule would give offenders an incentive not to pay and would defeat both the punitive and restorative purposes of restitution.[12] His debt remains unpaid, and Gossage is not entitled to a certificate of discharge.
¶ 11 Because Gossage is not entitled to the certificate of discharge, he is not entitled to reinstatement of civil rights, which derives from issuance of the certificate. Gossage concedes that he does not qualify for reinstatement of firearm rights.

Sex Offender Registration
¶ 12 Any person convicted of a sex offense must register with the county sheriff.[13] A sex offender whose offense was a class B felony must register for 15 years after release from confinement,[14] but may petition for relief from the duty to register after 10 crime-free years in the community.[15] *954 The petitioner must bring clear and convincing evidence that he merits relief:
The court shall consider the nature of the registrable offense committed, and the criminal and relevant noncriminal behavior of the petitioner both before and after conviction, and may consider other factors. . . . [T]he court may relieve the petitioner of the duty to register only if the petitioner shows, with clear and convincing evidence, that future registration of the petitioner will not serve the purposes of RCW 9A.44.130, 10.01.200, 43.43.540, 46.20.187, 70.48.470, and 72.09.330.[16]
Gossage argues that his petition should not have been dismissed without an opportunity to present evidence to satisfy the statutory standard.
¶ 13 Granting such a petition is wholly discretionary.[17] The statute does not specify a procedure. Rather, it outlines criteria for consideration, and then leaves the determination to the court's discretion. An evidentiary hearing may in some circumstances be useful, or even required. But whether to conduct an evidentiary hearing is also in the reviewing court's discretion.
¶ 14 Gossage's petition documented that his offense is a class B felony covered by RCW 9A.44.140(3), and that he has been crime-free for 10 years following his release from custody. He thus demonstrated the threshold requirements for a petition. But Gossage offered nothing to indicate why he should be excused from registration, and did not even allege that the purposes of the registration statutes would not be served by his continued registration.
¶ 15 We think an evidentiary hearing is unwarranted absent some indication of a triable issue. These petitions are frequently filed pro se, and form must not be elevated over substance. But a petitioner who shows merely that he has passed the required time period without committing new offenses has not demonstrated that registration has ceased to serve its statutory purposes. Unless the petitioner makes at least some minimal showing that he can satisfy the statutory standard, we see no reason to require the court to convene a hearing.
¶ 16 The fact that Gossage was classified at the lowest risk of reoffense does not change the analysis. The legislature decided that public safety would be served by registration of even low-level offenders. Every registrant seeking early release must demonstrate that continued registration would not serve the statutory purposes.
¶ 17 The court did not abuse its discretion in denying Gossage's petition without an evidentiary hearing.

Statement of Additional Grounds for Review
¶ 18 Gossage renews certain due process and jurisdictional challenges to the original restitution order. These arguments were dismissed in 1996 and 1997, and those orders were not appealed. The issues are thus not preserved for review here.
¶ 19 Affirmed.
BAKER, AGID, JJ., concur.
NOTES
[1] Pro Se Appendix A-8. An April 6 statement is the most recent account statement submitted to this court. Though the State notes this documentation was filed only in this court and not in the superior court, it does not object to our consideration of the information. The specific amount outstanding does not affect our analysis, but we nonetheless accept the supplemental documentation as additional evidence under RAP 9.11.
[2] In re Detention of Petersen, 138 Wash.2d 70, 98, 980 P.2d 1204 (1999) (Sanders, J., dissenting); see In re Detention of Turay, 139 Wash.2d 379, 392, 986 P.2d 790 (1999) (final ruling settles all the issues in a case); CR 54(a)(1) (a "judgment is the final determination of the rights of the parties in the action"); RAP 2.2(a).
[3] 138 Wash.2d 70, 98, 980 P.2d 1204 (1999).
[4] 112 Wash.2d 719, 773 P.2d 851 (1989).
[5] 67 Wash.App. 755, 759, 840 P.2d 223 (1992).
[6] The court has neither a duty nor power to enforce registration requirements; any violation constitutes an independent crime. State v. Acheson, 75 Wash.App. 151, 155-56, 877 P.2d 217 (1994).
[7] A renewed petition for termination of registration obligations is a mere potentiality, dependent entirely on the offender filing anew, whereas in Petersen, Chubb, and Greenlaw, future proceedings were certain. RCW 71.09.090 (annual review of sexually violent predator status); former RCW 13.34.130(3) (1984) (dependency review hearing at least every six months); RCW 26.09.181 (permanent parenting plan proposals must be submitted within 30 days of notice for trial or 180 days after action filed).
[8] RCW 9.94A.753(4), .760(4); see also RCW 6.17.020(4).
[9] 138 Wash.2d 588, 594, 980 P.2d 1271 (1999).
[10] Ass'n of Wash. Bus. v. Dep't of Revenue, 155 Wash.2d 430, 442 n. 11, 120 P.3d 46 (2005) ("Statements in a case that do not relate to an issue before the court and are unnecessary to decide the case constitute obiter dictum, and need not be followed.") (citation omitted).
[11] See State v. Adams, 121 Wash.App. 438, 443, 88 P.3d 1012 (2004) ("It is for the legislature to decide what resources will be expended in the effort to recoup funds from offenders."), reversed on other grounds, 153 Wash.2d 746, 108 P.3d 130 (2005).
[12] See State v. Dennis, 101 Wash.App. 223, 229, 6 P.3d 1173 (2000).
[13] RCW 9A.44.130.
[14] RCW 9A.44.130(1), .140(1)(b).
[15] RCW 9A.44.140(3)(a).
[16] RCW 9A.44.140(3)(a). The listed statutes regulate local law enforcement implementation of the offender registration system, the purpose of which is to assist law enforcement's effort to protect the community, investigate sex crimes and apprehend sex offenders. State v. Heiskell, 129 Wash.2d 113, 117, 916 P.2d 366 (1996) (citing Laws of 1990, ch. 3, § 401).
[17] The word "may" when used in a statute is generally permissive and operates to confer discretion. National Elec. Contr. Ass'n v. Riveland, 138 Wash.2d 9, 28, 978 P.2d 481 (1999) (citing Yakima County (W.Valley) Fire Protection Dist. No. 12 v. City of Yakima, 122 Wash.2d 371, 381, 858 P.2d 245 (1993)).