# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 70613-6-I |
| Respondent, | ) ) | |
| | ) | DIVISION ONE |
| v. | ) ) | UNPUBLISHED OPINION |
| MICHAEL THOMAS THRASHER, | ) ) | |
| Appellant. | ) | FILED: August 4, 2014 |
| | ) | |

APPELWICK, J. — Thrasher appeals from the trial court's denial of his petition for relief from the duty to register as a sex offender. He argues that trial court improperly denied his petition and failed to hold a hearing on the petition. We affirm.

## FACTS

In May 1992, Michael Thrasher entered an Alford[1] plea of guilty to second degree assault with sexual motivation. He was sentenced to a nine month standard range sentence and was notified of his statutory duty to register as a sex offender.

Between 1993 and 2006, Thrasher was found or pleaded guilty to 9 felonies and 31 misdemeanors. This included a 2006 conviction for felony failure to register as a sex offender. In 2009, Thrasher was again convicted of felony failure to register as a sex offender.

On April 26, 2013, Thrasher petitioned pro se for relief from the duty to register as a sex offender under RCW 9A.44.142. He stated in his petition:

> I have served 167 months past my release date of probation, fines, sentences that far [exceed] the standard sentencing for a second degree

---

[1] North Carolina v. Alford, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). In an Alford plea, the accused technically does not acknowledge guilt, but concedes there is sufficient evidence to support a conviction. In re Pers. Restraint of Cross, 178 Wn.2d 519, 521, 309 P.3d 1186 (2013).

assault w/ a finding of sexual motivation on May 18th 1992. I served my whole sentence of my sentencing range of 0-12 months in the King County Jail work release program. Sucessfull [sic] was able to volenteer [sic] for the King County Park Services. Doing janitorial type work. I was also employed full time as a dish washer and waiter at the pancake house, and Cafe Minnie's, working for merchant Dick Wright, business man and mentor. I was released from my incarceration with excellent reviews and thanks for all my help and volenteer [sic] work at the King County court house waxing floors on my days off. I also completed my 12 months of probation that was a requirement of my [judgment and sentence] on an [Alford] plea agreement.

The superior court denied Thrasher's petition without a hearing, but without prejudice. The court concluded that Thrasher "failed to provide sufficient information so that the Court can make a determination as to whether the defendant should be relieved from his obligation to register and the Defendant has not filed the appropriate forms with the court." Thrasher appeals.

## DISCUSSION

### I. Relief from Sex Offender Registration

Thrasher argues that the trial court erred in denying his petition for relief from sex offender registration, because he provided sufficient facts to show he was rehabilitated. He further asserts that the court erred in denying him a hearing at which he could present evidence in support of his petition.

We review a trial court's decision to deny a petition for relief from the duty to register as a sex offender for abuse of discretion. State v. Gossage, 138 Wn. App. 298, 306, 156 P.3d 951 (2007), rev'd in part on other grounds, 165 Wn.2d 1, 195 P.3d 525 (2008). Determining whether to conduct an evidentiary hearing is also within the superior court's discretion. Id. at 305-06. A court abuses its discretion when its decision is manifestly unreasonable or exercised on untenable grounds or for untenable reasons.

2

State v. Powell, 126 Wn.2d 244, 258, 893 P.2d 615 (1995). We may affirm on any basis supported by the record. State v. Norlin, 134 Wn.2d 570, 582, 951 P.2d 1131 (1998).

Thrasher's 1992 conviction for second degree assault with sexual motivation is a felony sex offense that requires him to register as a sex offender.[2] RCW 9A.36.021(2)(b); RCW 9A.44.128(10)(a); RCW 9.94A.030(46)(c); RCW 9A.44.130(1)(a). Sex offenders may petition a superior court for relief from the duty to register if, among other conditions, they have "spent ten consecutive years in the community without being convicted of a disqualifying offense during that time period." RCW 9A.44.142(1)(b). A disqualifying offense includes "a conviction for: Any offense that is a felony." RCW 9A.44.128(3).

The record before us shows that Thrasher was convicted of felonies in 1996, 1997, 1999, 2001, 2003, 2004, 2006, and 2009. He has not been felony-free for any consecutive 10 year period since his 1992 sex offense. The superior court had no discretion to grant Thrasher's petition. Doing so would have been an error of law. Therefore, we hold that the trial court did not err in denying Thrasher's petition for relief from the duty to register as a sex offender. For the same reason, the court did not err in failing to hold an evidentiary hearing on Thrasher's petition.

---

[2] Thrasher's judgment and sentence listed the crime charged as former RCW 9A.36.020(1) (1975) and the date of the crime as September 30, 1991. However, former RCW 9A.36.020(1) was repealed in 1986. LAWS OF 1986, ch. 257, § 9. In 1991, second degree assault was codified at former RCW 9A.36.021 (1988). At that time, second degree assault was a class B felony, which required Thrasher to register as a sex offender for 15 years after release from confinement. Former RCW 9A.36.021 (1988). However, a "sex offense" also includes felony failure to register as a sex offender if the person has been convicted of failure to register on at least one prior occasion. RCW 9.94A.030(46)(a)(v). Thrasher was convicted of failure to register in 2006 and again in 2009, extending his sex offender registration period.

3

II.   Statement of Additional Grounds

Thrasher makes several arguments in his statement of additional grounds.   He reiterates his counsel's argument that the superior court abused its discretion in denying his petition for relief from sex offender registration.   This does not raise a new issue for our review.

Thrasher also contests the length of his sentence and asserts his innocence for the 1992 sex offense.   These arguments are not supported by credible evidence in the limited record before us, so we cannot review them.   See RAP 10.10(c).   If material facts exist that have not been previously presented or heard, then Thrasher's recourse is to bring a properly supported personal restraint petition.   See RAP 16.4; State v. McFarland, 127 Wn.2d 322, 339, 899 P.2d 1251 (1995).

Lastly, Thrasher argues at length about the injustice of sex offender registration. We are likewise unable to review this issue, because Thrasher fails to inform us of the nature and occurrence of the alleged error.   RAP 10.10(c); see also State v. Ward, 123 Wn.2d 488, 492, 869 P.2d 1062 (1994) (holding that the sex offender registration statute does not violate due process or equal protection).

We affirm.

Appelwick, J.

WE CONCUR:

Trickey, J.                    Spearman, C.J.

4