[No. 55676-2-I.  Division One.  April 10, 2006.]

THE STATE OF WASHINGTON, *Respondent*, v. V.J., *Appellant*.

---

*Elaine L. Winters* (of *Washington Appellate Project*), for appellant.

*David S. McEachran, Prosecuting Attorney*, and *Anna L. Gigliotti, Assistant*, for respondent.

¶1  ELLINGTON, J. — We must decide whether a juvenile court has authority to toll community supervision when a juvenile is on warrant status because her whereabouts are unknown. We hold the Juvenile Justice Act of 1977, chapter 13.40 RCW, confers statutory authority to toll under these circumstances and affirm.

## FACTS

¶2  On July 23, 2003, V.J., aged 15, pleaded guilty to theft in the third degree. The court imposed local sanctions,

including 12 months of community supervision. The conditions of community supervision required V.J. to report regularly to her probation officer and to keep the officer informed of her current address.

¶3 Between August and December 2003, three separate bench warrants were issued for V.J. after her probation officer reported that V.J.'s whereabouts were unknown. After each warrant was served, the court imposed detention as a sanction.

¶4 On April 2, 2004, the prosecutor informed the court that V.J. had been released from detention on March 26, 2004 to an in-patient treatment facility in Tacoma, and the facility had notified the probation office that V.J. left without permission. A bench warrant was issued that day. The warrant was not served until November 2, 2004, 71 days after V.J.'s community supervision period expired.

¶5 On November 3, the prosecutor petitioned to modify the terms of V.J.'s community supervision on grounds that she had again violated its terms because her whereabouts had been unknown between April and October 2004. The juvenile court commissioner found that V.J. had violated the terms of her community supervision, denied V.J.'s motion to dismiss, and imposed detention.

¶6 V.J. sought revision of the commissioner's order, contending the juvenile court was without jurisdiction to impose detention because her term of community supervision had expired and no statutory provision authorizes tolling. The superior court ruled the juvenile court has "inherent power" to toll juvenile probation and declined to revise the order.[1]

■ ¶7 V.J. timely appealed. Our review is de novo.[2]

---

[1] Report of Proceedings (Jan. 24, 2005) at 5-6.

[2] *State v. Y.I.*, 94 Wn. App. 919, 922, 973 P.2d 503 (1999) (whether a court has jurisdiction is a question of law and is reviewed de novo).

## ANALYSIS

■ ■ ¶8 The Basic Juvenile Court Act and Juvenile Justice Act of 1977 (JJA), chapters 13.04 and 13.40 RCW, respectively, govern the operation of the juvenile courts.[3] In enacting the JJA, the legislature sought to hold juveniles accountable for their crimes and to deal with juvenile offenders in a consistent manner, while preserving the rehabilitative goals of the juvenile justice system.[4]

¶9 As part of a dispositional order in non-sex offense cases, a juvenile court has authority to impose a period of community supervision for up to one year.[5] When a juvenile fails to comply with the requirements of community supervision, the court has authority to modify the dispositional order and impose sanctions.[6]

---

[3] "The provisions of chapters 13.04 and 13.40 RCW . . . shall be the exclusive authority for the adjudication and disposition of juvenile offenders except where otherwise expressly provided." RCW 13.04.450.

[4] See Mary Kay Becker, Washington State's New Juvenile Code: An Introduction, 14 Gonz. L. Rev. 289, 308 (1978); see also State v. Rice, 98 Wn.2d 384, 392, 400, 655 P.2d 1145 (1982) ("The policies [of the JJA] are twofold: to establish a system of having primary responsibility for, being accountable for, and responding to the needs of youthful offenders; and to hold juveniles accountable for their offenses.").

[5] RCW 13.40.020(4). The statute also provides:

As a mandatory condition of any term of community supervision, the court shall order the juvenile to refrain from committing new offenses. As a mandatory condition of community supervision, the court shall order the juvenile to comply with the mandatory school attendance provisions of chapter 28A.225 RCW and to inform the school of the existence of this requirement. Community supervision is an individualized program comprised of one or more of the following:

    (a) Community-based sanctions;

    (b) Community-based rehabilitation;

    (c) Monitoring and reporting requirements;

    (d) Posting of a probation bond.

[6] RCW 13.40.200. The statute further states:

(1) When a respondent fails to comply with an order of restitution, community supervision, penalty assessments, or confinement of less than thirty days, the court upon motion of the prosecutor or its own motion, may modify the order after a hearing on the violation.

(2) The hearing shall afford the respondent the same due process of law as would be afforded an adult probationer.

¶10 Although this statute authorizes a juvenile court to enforce dispositional orders, it does not specify for how long this authority lasts, nor does the JJA contain an express tolling provision. Because the court's jurisdiction is limited to that provided by statute, we must decide whether the JJA provides authority for tolling community supervision when an offender absconds.

¶11 *City of Spokane v. Marquette*[7] is instructive. In *Marquette*, the Supreme Court held that even absent an express tolling provision in the statutes, a municipal court's probationary jurisdiction is tolled while a probationer is on warrant status.[8] The court derived this tolling authority from the statute authorizing suspended sentences: " 'For a period not to exceed two years after imposition of sentence, the court has continuing jurisdiction and authority to suspend the execution of all or any part of its sentence upon stated terms.' "[9]

¶12 Citing the "general principle . . . that the running of the probationary period is tolled while the probationer is not subject to the jurisdiction of the court"[10] and noting that judicial construction has permitted tolling in some cases even absent an explicit tolling provision,[11] the court held tolling necessary to give full effect to the legislative enactment, to ensure "that the municipal court has two years of actual supervision to rehabilitate the probationer."[12] The court also observed that the rehabilitative purpose of probation is frustrated when a defendant eludes

---

[7] 146 Wn.2d 124, 43 P.3d 502 (2002).

[8] *Id.* at 134.

[9] *Id.* at 130 (emphasis omitted) (quoting former RCW 3.66.068 (1983)).

[10] *Id.*

[11] *Id.* at 131 (citing *State v. Haugen*, 22 Wn. App. 785, 591 P.2d 1218 (1979) (three year probation period tolled during period defendant out of state); *State v. Campbell*, 95 Wn.2d 954, 957, 632 P.2d 517 (1981) (probation tolled while defendant committed to a mental institution); *Gillespie v. State*, 17 Wn. App. 363, 563 P.2d 1272 (1977) (probationary period tolled when defendant on warrant status)).

[12] *Id.*

supervision and that the power to punish a defendant for noncompliance must not be impaired by the defendant's lack of cooperation.[13]

■ ■ ¶13 The governing statute here, RCW 13.40-.020(4), provides:

"Community supervision" means an order of disposition by the court of an adjudicated youth not committed to the department or an order granting a deferred disposition. *A community supervision order for a single offense may be for a period of . . . up to one year for [non-sex] offenses.*[14]

Just as the misdemeanor suspended sentence statute at issue in *Marquette* confers a set period of rehabilitative supervision, so this statute confers upon the juvenile court a set period of supervision. Just as with misdemeanants, juveniles who absent themselves from court supervision frustrate the court's rehabilitative efforts.

¶14 To give full effect to the legislative purpose, therefore, the juvenile court must have a full year of supervision. We hold that if the juvenile is on warrant status, and is thus not subject to the court's supervision, tolling applies to the supervision period.

¶15 V.J. makes several contrary arguments. She first contends the *Marquette* analysis is inapt here because the statute in *Marquette* authorized a suspended sentence, not probation. But this difference is not germane. Both statutes authorize postsentence supervision, which is the issue. Like the court in *Marquette*, we look to the statutory language to discern legislative intent, and like the statute in *Marquette*, the juvenile statute is a legislative effort to ensure rehabilitation by conferring a certain supervisory period on the court.

¶16 V.J. also argues[15] that there is evidence of contrary legislative intent—specifically, in the legislature's failure to

---

[13] *Id.* at 131-32.

[14] (Emphasis added.)

[15] V.J. makes a third argument, citing *State v. May*, 80 Wn. App. 711, 911 P.2d 399 (1996) and *Y.I.*, 94 Wn. App. 919, for the proposition that juvenile court

amend the juvenile probation statute to provide for tolling. Division Three of our court had ruled in *Marquette* that courts of limited jurisdiction had no statutory authority for tolling.[16] While the case was pending before the Supreme Court, the legislature added an express tolling provision to the municipal court statute, RCW 3.66.068.[17] No amendment was made to the JJA.

¶17 V.J. argues the failure to amend the JJA evidences a legislative intent that juvenile supervision time not be tolled. But given the circumstances of the amendment, V.J. reads too much into the legislative process. Nothing in the legislative history suggests consideration of anything other than the statute held inadequate by Division Three, and he clear intent of the amendment was to emphasize the very premise to which we give effect here: supervision, to be meaningful for rehabilitation purposes, must actually occur.

¶18 Indeed, we are assured that tolling comports with legislative intent by simple reading of the JJA itself:

> (2) *It is the intent of the legislature* that a system capable of having primary responsibility for, being accountable for, and responding to the needs of youthful offenders and their victims . . . be established. It is the further intent of the legislature that youth, in turn, be held accountable for their offenses and that communities, families, and the juvenile courts carry out their functions consistent with this intent. To effectuate

---

jurisdiction ceases once the community supervision period expires, but neither case involves a juvenile on warrant status.

[16] Division Three held that issuance of an arrest warrant did not toll the probationary period. *City of Spokane v. Marquette*, 103 Wn. App. 792, 799, 14 P.3d 832 (2000).

[17] The statute governing community supervision for misdemeanors provides in relevant part:
A defendant who has been sentenced, or whose sentence has been deferred, and who then fails to appear for any hearing to address the defendant's compliance with the terms of probation when ordered to do so by the court, shall have the term of probation tolled until such time as the defendant makes his or her presence known to the court on the record.
RCW 3.66.068.

these policies, *the legislature declares the following to be equally important purposes of this chapter*:

(a) Protect the citizenry from criminal behavior;

. . . .

(c) Make the juvenile offender accountable for his or her criminal behavior;

(d) Provide for punishment commensurate with the age, crime, and criminal history of the juvenile offender;

(e) Provide due process for juveniles alleged to have committed an offense;

(f) *Provide necessary treatment, supervision, and custody for juvenile offenders.*[18]

Supervision can accomplish nothing if the juvenile absconds for the duration of the supervision period. We hold that the juvenile court has authority to toll community supervision when the juvenile is on warrant status.

¶19 Affirmed.

GROSSE and AGID, JJ., concur.

---

[18] RCW 13.40.010(2) (emphasis added).