# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| SUNRISE RIDGE/THE HIGHLANDS AT SOMERSET HILL HOMEOWNERS ASSOCIATION, a Washington Non-Profit Corporation, | No. 55924-2-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| CITY OF TUMWATER, a Washington Municipal Corporation, and BRETT and KARA DURBIN, | |
| Respondents, | |
| and | |
| RAMESH and SHA YESTEH NOORASA, PATRICK and PATRICIA QUINN, ERIC TRIMBLE and SYDNE COGBURN, EDWARD and CHRISTINE WARNOCK, ERIC AGAR and KRISTEN GERINGER, LUAN and QUYNH-NHU VU, HEIDI and PASQUALE ALGIERE, HOON LONG and MELISSA DENTON, JAMES MARRA and MARY DESSEL, CHARLES and ARLENE MINDEMANN, SIOBHAIN T. O' CONNELL LIVING TRUST, CHRISTINE and BRYAN MCNAMARA, JEROME and WENDEE DETERMAN, KAREN JOST, STEVEN and NICOLE CSERFOL, JASON HODGES, JON ANTHONY and LISA EPPERSON, SEAN EASTHAM and MELANIE SMITH, SANJEEV AGNISH, DENISE BEST, MOHSIN and KATIE RAZA, STEPHEN SP ARREL and REBECCA PIEPER-SP ARRELL, and PETER KUCERA, | |
| Third-Party Defendants. | |

WORSWICK, J. — Sunrise Ridge/The Highlands at Somerset Hill  homeowners association (SR/HSH HOA) and the Durbins, who own property in the Vistas subdivision, appeal a trial court's order entered after remand.  This case arose out of a dispute between two subdivisions—SR/HSH HOA and the Vistas subdivision homeowners—regarding who had the responsibility to maintain a stormwater detention facility known as cell 2.  The trial court initially ruled that the SR/HSH HOA had the sole maintenance responsibility.  We reversed, holding that the maintenance obligation was shared between the SR/HSH HOA and the Vistas homeowners, and we instructed the trial court to determine how that obligation should be allocated.  On remand, the trial court allocated the maintenance obligation and ruled that the SR/HSH HOA and the Vistas homeowners were jointly and severally liable for the maintenance of cell 2.

The SR/HSH HOA appeals the trial court's order.  The Durbins, two Vistas homeowners who are respondents/third party defendants, also challenge the trial court's order, arguing that the case be remanded for a professional engineering allocation to determine the actual usage of cell 2 by the parties.  We hold that (1) the SR/HSH HOA's briefing does not provide argument to support its assigned error that the trial court's conclusions of law 2 and 3 are not supported by the findings of fact, (2) the trial court complied with the law of the case on remand, and (3) the trial court did not exceed the scope of review on remand.  Finally, we do not consider the Durbins' argument for affirmative relief because they failed to appeal the trial court's order.  Accordingly, we affirm the trial court's order.

FACTS

The Vistas subdivision historically drained its stormwater into a stormwater drainage pond, referred to as cell 2. Cell 2 is located on a piece of land called Tract T. SR/HSH HOA eventually came to possess Tract T. In 2014, the City of Tumwater (City) ordered the SR/HSH HOA to perform maintenance on certain stormwater drainage facilities, including cell 2, as required by their maintenance agreement. *Sunrise Ridge/The Highlands at Somerset Hill Homeowners Ass'n v. City of Tumwater*, No. 51091-0-II, slip op. at 6 (Wash. Ct. App. Dec. 18, 2018) (unpublished).[1] The SR/HSH HOA responded that only the Vistas homeowners were responsible for maintaining cell 2. *Sunrise Ridge*, No. 51091-0-II, slip op.at 6-7.

Subsequently, the SR/HSH HOA filed a declaratory judgment action against the City, arguing that it should not be responsible for paying for the cost of maintaining cell 2. In response, the City filed a third party complaint against all of the lot owners in the Vistas subdivision.[2] The parties filed cross motions for summary judgment. The trial court entered an order granting the City's summary judgment motion, denying the SR/HSH HOA's summary judgment motion, and ruling that the SR/HSH HOA had responsibility for maintaining cell 2.

The SR/HSH HOA appealed. We reversed, holding that the Vistas homeowners and the SR/HSH HOA had "a shared obligation to maintain the stormwater drainage pond, referred to as cell 2." *Sunrise Ridge*, No. 51091-0-II, slip op. at 2. We then remanded to the trial court for

---

[1]https://www.courts.wa.gov/opinions/pdf/D2%2051091-0-II%20Unpublished%20Opinion.pdf.

[2] The Vistas subdivision did not have a homeowners association.

"further proceedings" with instructions "to determine how the cell 2 maintenance obligation should be allocated between the Vistas HOA and the SR/HSH HOA." *Sunrise Ridge*, No. 51091-0-II, slip op. at 2.

In March 2020, the City and the SR/HSH HOA attended a meditation. There, they stipulated to an allocation of maintenance they found reasonable between the Vistas homeowners and the SR/HSH HOA, outlined in a document called the "Cell 2 Structure Matrix." Clerk's Papers (CP) at 26-29. The Vistas homeowners were not part of this stipulation.

In March 2021, the trial court conducted a bench trial on the SR/HSH HOA's initial declaratory judgment action in light of our instructions on remand. The SR/HSH HOA, the City, and the Durbins attended the bench trial. After considering the parties' arguments, the trial court entered an order of declaratory judgment. The trial court made the following challenged conclusions of law:

> 2. The responsibilities of the Vistas owners are limited to Cell 2, as the remaining stormwater facilities were constructed by Sunrise Ridge to exclusively serve their stormwater needs resulting from their development. The City may enforce such responsibilities against both jointly and severally as to Cell 2.
>
> 3. As between the Vistas owners and Sunrise Ridge, the responsibilities of Vistas are limited to maintenance of Cell 2. Sunrise Ridge is responsible for maintenance of all stormwater facilities on Tracts U and T.

CP at 45-46. The trial court's order contained four provisions. Provision 1 states:

> 1. Plaintiff Sunrise Ridge and Third Party Defendants Vistas are jointly and severally liable for maintenance of Cell 2 of the storm water pond located on Tract T of the Sunrise Ridge plat. The City of Tumwater may enforce its maintenance agreements with Sunrise Ridge or the Third Party Defendant Vistas owners with respect to Cell 2.

CP at 46. To allocate the maintenance obligation, the trial court incorporated the Cell 2 Structure Matrix, referenced above. That Matrix assigned eight duties to the Vistas homeowners and six to the SR/HSH HOA.

The SR/HSH HOA appeals. The Durbins did not file a notice of appeal, but they filed a brief, appearing to argue that the trial court's allocation is inadequate and ambiguous, and that the case must be remanded for a professional engineering allocation based on actual stormwater flows.

ANALYSIS

The SR/HSH HOA assigns error to the trial court's conclusions of law 2 and 3, and Provision 1 of the order. The SR/HSH HOA does not devote any portion of its brief to argue that the conclusions of law are not supported by the findings of fact. The SR/HSH HOA argues that the trial court erred when it failed to comply with the law of the case on remand by finding that the City may enforce the parties' obligations jointly and severally and that the SR/HSH HOA is responsible for maintenance of all stormwater facilities on Tracts U and T. The SR/HSH HOA also argues that the trial court erred by exceeding the scope of review on remand by changing the allocation of the parties' liability and because joint and several liability was not raised on appeal. The Durbins urge this court to remand and order a professional engineering allocation.

I. LEGAL PRINCIPLES

Declaratory judgment orders are reviewed like other orders. RCW 7.24.070. Thus, when the findings of fact are not challenged, they are verities on appeal. *Schneider v. Snyder's Foods, Inc.*, 116 Wn. App. 706, 713, 66 P.3d 640 (2003). We review conclusions of law de novo, to

determine if they are supported by the findings of fact. *Nollette v. Christianson*, 115 Wn.2d 594, 600, 800 P.2d 359 (1990). Here, none of the trial court's factual findings are challenged, and so, they are verities on appeal.

"An appellate court's mandate is the law of the case and binding on the lower court and must be followed." *Bank of Am., N.A. v. Owens*, 177 Wn. App. 181, 183, 311 P.3d 594 (2013). Although a remand "'for further proceedings' 'signals this court's expectation that the trial court will exercise its discretion to decide any issue necessary to resolve the case,'" the trial court must follow the appellate court's specific holdings and directions on remand. *Bank of Am., N.A.*, 177 Wn. App. at 189 (quoting *In re Marriage of Rockwell*, 157 Wn. App. 449, 453, 238 P.3d 1184 (2010)). RAP 12.2 embodies the law of the case doctrine by providing in part: "[u]pon issuance of the mandate of the appellate court as provided in [RAP] 12.5, the action taken or decision made by the appellate court is effective and binding on the parties to the review and governs all subsequent proceedings in the action in any court." *Bank of Am., N.A.*, 177 Wn. App. at 189. Often, appellate courts do not resolve every issue a trial court must decide on remand. *State v. Schwab*, 134 Wn. App. 635, 645, 141 P.3d 658 (2006), *aff'd*, 163 Wn.2d 664, 185 P.3d 1151 (2008).

Additionally, the law of the case doctrine generally precludes re-deciding the same legal issues—or legal issues that might have been raised—in a subsequent appeal unless there was a substantial change in evidence at the remanded trial. *Folsom v. County of Spokane*, 111 Wn.2d 256, 263, 759 P.2d 1196 (1988). But if the issue was not considered on the first appeal, the issue does not fall under the law of the case doctrine. *Roberson v. Perez*, 119 Wn. App. 928, 932, 83

P.3d 1026 (2004), *aff'd*, 156 Wn.2d 33, 123 P.3d 844 (2005). We have discretion whether to apply the law of the case doctrine. *Folsom*, 111 Wn.2d at 264.

## II. FAILURE TO ARGUE

The SR/HSH HOA assigns error to the trial court's conclusions of law 2 and 3, in part, because they are not supported by the findings. The City contends that this court should not consider this argument because the SR/HSH HOA did not provide any argument to support that contention. We agree with the City.

When an assignment of error is unsupported by legal argument, we do not consider it on appeal. *Woodward v. Lopez*, 174 Wn. App. 460, 467 n.5, 300 P.3d 417 (2013). We also do not consider an issue raised for the first time in a reply brief. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

The SR/HSH HOA's brief is devoid of any argument or citation to authority on the issue of whether the conclusions of law are supported by the findings of fact. Additionally, to the extent the SR/HSH HOA attempts to address this issue in its reply brief, it is too late. Accordingly, we do not review this argument.

## III. THE LAW OF THE CASE DOCTRINE

The SR/HSH HOA argues that the trial court failed to comply with the law of the case when it ruled that the parties were jointly and severally liable for the maintenance of cell 2. The SR/HSH HOA next argues that the trial court failed to comply with the law of the case when it ruled in Conclusion of Law No. 3 that "[Sunrise Ridge is] responsible for maintenance of all stormwater facilities on Tracts U and T" because (1) this court overturned a summary judgment

order ruling that the SR/HSH HOA was solely responsible for the maintenance on Tract T, and (2) cell 2, located on Tract T, was a shared obligation. Br. of Appellant at 8. We hold that the trial court complied with the law of the case doctrine.

A.      *Clarifying Joint and Several Liability*

As an initial matter, we clarify the trial court's use of the phrase "joint and several liability" in its order. Parts of the SR/HSH HOA's and the Durbins' arguments appear to be based on the belief that the trial court's order refers to joint and several *torts* liability. This is not a correct interpretation of the trial court's order.

We review the interpretation of a court order de novo. *In re Marriage of Thompson*, 97 Wn. App. 873, 877, 988 P.2d 499 (1999). We interpret trial court orders to effectuate the issuing court's intent. *In re Marriage of Thompson*, 97 Wn. App. at 878. To determine that intent, we employ the ordinary rules of construction for statutes and contracts. *In re Marriage of Thompson*, 97 Wn. App. at 878. When interpreting statutes, courts give effect to the plain meaning of the text. *City of Seattle v. Makasini*, 16 Wn. App. 2d 148, 152, 480 P.3d 459 (2021).

Here, the trial court ruled that "[t]he City may enforce such responsibilities against both [parties] jointly and severally as to Cell 2." Based on the plain meaning of that language, we interpret the trial court's usage of the phrase "jointly and severally" to mean that the City may enforce the maintenance obligation for cell 2 jointly and severally against the parties. We do not interpret the phrase "jointly and severally" to create joint and several tort liability regarding cell 2.

Of note, the SR/HSH HOA cites RCW 4.22.070 to support its contention that Washington law does not support the application of joint and several liability. RCW 4.22.070 provides that "in all actions involving fault of more than one entity, . . . [t]he liability of each defendant shall be several only and shall not be joint except" under several circumstances. But "fault" in that statute encompasses only tortious conduct. *See* RCW 4.22.015. Therefore, RCW 4.22.070 is inapplicable to the enforcement of the maintenance obligations at issue here.

B.     *Imposition of Joint and Several Liability*

The SR/HSH HOA argues that the trial court failed to comply with the law of the case because it ruled that the parties were jointly and severally liable for the maintenance of cell 2.

In our prior opinion, we held that "both the Vistas HOA and the SR/HSH HOA have a shared obligation to maintain the stormwater drainage pond, referred to as cell 2." *Sunrise Ridge*, No. 51091-0-II, slip op. at 2. That holding is the law of the case. Further, we instructed the trial court to "to determine how the cell 2 maintenance obligation should be allocated between the Vistas HOA and the SR/HSH HOA." *Sunrise Ridge*, No. 51091-0-II, slip op. at 2.

To that end, the trial court allocated the maintenance obligation according to the Cell 2 Structure Matrix. The Matrix allocated eight maintenance duties to the Vistas homeowners and six to the SH/HSH HOA. That allocation complied with the law of the case.

The trial court also ruled that the City may enforce the parties' maintenance obligation jointly and severally. The trial court's order specifying the City's method of enforcement of the maintenance obligation is not inconsistent with the holding that the parties have a shared maintenance obligation with respect to cell 2.

9

C.      *Responsibility for the Maintenance of Tract T*

The SR/HSH HOA's argument that the law of the case precludes it from being responsible for the maintenance of all stormwater facilities on Tract T is incorrect. In overturning the trial court's summary judgment order, we held only that the SR/HSH HOA and the Vistas homeowners have a shared maintenance obligation for cell 2. We did not hold that the SR/HSH HOA does not have some maintenance obligation as to all the stormwater facilities on Tract T.

Relatedly, the SR/HSH HOA's argument that it does not have a maintenance obligation as to all stormwater facilities on Tract T because the Vistas homeowners have a shared maintenance obligation with respect to cell 2 is meritless. The trial court did not rule that the SR/HSH HOA was *exclusively* responsible for all maintenance on Tract T. The fact that one of its maintenance obligations on Tract T is a shared obligation is not inconsistent with the trial court's ruling. Thus, the conclusion that the SR/HSH HOA "is responsible for maintenance of all stormwater facilities on Tracts U and T" is not in conflict with the law of the case. CP at 46.

Accordingly, we hold that the trial court complied with the law of the case.

IV. SCOPE OF REVIEW ON REMAND

The SR/HSH HOA makes two arguments that the trial court exceeded the scope of review on remand. First, the SR/HSH HOA argues that the trial court exceeded the scope of review on remand by ordering joint and several liability because the issue was never raised on appeal. Second, the SR/HSH HOA argues that the trial court exceeded the scope of review on

remand by changing the allocation of the parties' liability, rather than merely allocating the parties' maintenance obligation.

The SR/HSH HOA cites *Folsom* to support its argument that the trial court erred because the issue of joint and several liability was never raised on appeal. *Folsom* did not analyze the trial court's proceedings on remand under the law of the case doctrine, but rather explained that the doctrine precludes re-deciding the same legal issues, or issues which might been raised, in a subsequent appeal unless there was a substantial change in the evidence at the remanded trial. *Folsom*, 111 Wn.2d at 263. Accordingly, that doctrine prevents an appellate court from re-deciding its holdings from an earlier appeal. *Folsom*, 111 Wn.2d at 263. Moreover, if the issue was not considered on the first appeal, the issue does not fall under the law of the case doctrine *Roberson*, 119 Wn. App. at 932.

Here, we decided only that the parties have a shared maintenance obligation with respect to cell 2. The trial court's order does not require us to re-decide whether the parties have a shared maintenance obligation with respect to cell 2. Accordingly, the SR/HSH HOA's argument fails.

Moreover, we did not decide how the City could enforce the parties' maintenance obligation. Because the issue of how the City could enforce the parties' maintenance obligation was not decided, that issue does not fall under the law of the case doctrine.

Regarding the SR/HSH HOA's contention that the trial court was limited to only allocate the parties' maintenance obligation, we remanded for "further proceedings." *Sunrise Ridge*, No. 51091-0-II, slip op. at 2. Therefore, we signaled that the trial court should exercise its discretion

to decide any issue necessary to resolve the case, which inherently included how the City could enforce the maintenance obligation should one party fail to perform their part of the obligation. The first court order had held only one entity responsible for the maintenance of cell 2; thus, there was no reason for a trial court to determine whom the City could initiate enforcement proceedings against. Properly using its discretion, the trial court ruled that the parties were jointly and severally liable for the maintenance of cell 2, as it relates to the City's enforcement powers. Accordingly, we hold that the trial court did not violate the law of the case doctrine.

The SR/HSH HOA cites one unpublished case for support of its proposition that the trial court exceeded the scope of review on remand. In that case, where the appellate court ordered remand only "'for the trial court to fashion an appropriate remedy for the Club's unlawful expansion of its nonconforming use,'" we held that the trial court did not violate the appellate court's instructions on remand by denying the Club's motion to reopen the record. *Kitsap County. v. Kitsap Rifle*, No. 48781-1-II. slip op. at 12-13 (Wash. Ct. App.Nov. 212017) (unpublished).[3] This case actually supports the position that the trial court here did not exceed the scope of review.

We hold that the trial court acted within its scope of review on remand.

## V. AFFIRMATIVE RELIEF

The Durbins argue that the case be remanded for a professional engineering allocation to determine the actual usage of cell 2 by the parties because there has been a substantial change in

---

[3] https://www.courts.wa.gov/opinions/pdf/D2%2048781-1-II%20Order%20Amending.pdf.

evidence and bias from the imposition of joint and several liability.[4] The City argues that this court should not consider their argument because they did not file an appeal. We agree with the City.

RAP 2.4(a) states:

"[t]he appellate court will grant a respondent affirmative relief by modifying the decision which is the subject matter of the review only (1) if the respondent also seeks review of the decision by the timely filing of a notice of appeal or a notice of discretionary review, or (2) if demanded by the necessities of the case."

A change in the final result of the lower court generally constitutes affirmative relief. *State v. Sims*, 171 Wn.2d 436, 442, 256 P.3d 285 (2011).

Here, the Durbins are respondents. And the Durbins are arguing for remand for a professional engineering allocation. Accordingly, they are arguing for affirmative relief. But they did not file a notice of appeal. Thus, the Durbins must show that their claims are demanded by the necessities of the case. But the Durbins offer no argument on this subject.

Accordingly, we do not consider the Durbins' argument.

CONCLUSION

We do not review the SR/HSH HOA's arguments that the trial court's conclusions of law are not supported by the findings of fact. We hold that the trial court complied with the law of the case. We further hold that the trial court did not exceed the scope of review on remand.

---

[4] The Durbins also appear to argue that the allocation is inadequate, but their brief fails to adequately explain how the allocation is inadequate. Nor does it cite to the record or to any law to support this position. *See Cowiche Canyon Conservancy*, 118 Wn.2d at 809 (courts will not consider an argument that is not supported by authority).

No. 55924-2-II

Lastly, we decline to consider the Durbins' argument. Accordingly, we affirm the trial court's order.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Maxa, J.

Glasgow, CJ

14